**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-62758-CIV-DIMITROULEAS

FREDERIC and JENNIFER GUTTENBERG,
As co-representatives of the Estate of
Jaime Guttenberg,

    Plaintiffs,
vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## JOINT SCHEDULING REPORT

The Parties conducted a scheduling conference on March 8, 2019, pursuant to Federal Rule of Civil Procedure 26(f) and Southern District of Florida Local Rule 16.1, and now submit the following Joint Scheduling Report:

**I.**    **FED. R. CIV. P. 26(F) PROPOSED DISCOVERY PLAN**

    **A.  Changes in timing, form, or requirement for disclosures under Rule 26(a)**

Plaintiff does not propose any changes to the timing, form, and requirements of initial disclosures under Rule 26.

Defendant proposes that disclosures under Rule 26(a) be made, if necessary, within 21 days after the Court has adjudicated its Motion to Dismiss for lack of subject matter jurisdiction.

    **B.  Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues**

As allowed by Federal Rule of Civil Procedure 26(d), discovery commenced on March 8, 2019, the date of the Parties' Rule 26(f) conference. At the Rule 26(f) conference, however, the Defendant took the position that no discovery should take place until this Court rules on the

Defendant's Motion to Dismiss, D.E. 17, which argues that the Court lacks subject matter jurisdiction over the action.

### i. *Plaintiff's position*

Discovery commenced on March 8, 2019, the date of the Parties' Rule 26(f) conference, as allowed by Federal Rule of Civil Procedure 26(d). At the Rule 26(f) conference, however, the Defendant took the position that *no* discovery should take place until this Court rules on the Defendant's Motion to Dismiss, D.E. 17, which challenges this Court's subject matter jurisdiction.

The Plaintiff disagrees. Although Defendant's Motion to Dismiss is styled a "facial" challenge, *see* Mot. at 4, the Plaintiff needs discovery to respond because the Motion controverts the Complaint's factual allegations and relies on facts not in the Complaint. Consider the following examples[1]:

| Complaint | Different/New Facts |
|---|---|
| [T]he FBI's mandatory operating procedures *required the FBI to . . . intervene*."<br><br>D.E. 1 ¶ 59 (emphasis added) | "The FBI had *discretion whether to intervene* in some manner, or at all . . . ."<br><br>Mot. at 25 (emphasis added) |
| "[The Miami Field Office] *would have had a non-discretionary obligation to take investigative steps* . . . ."<br><br>D.E. 1 ¶ 125 (emphasis added) | "The Complaint *does not allege* that a mandatory statute or regulation *required the Field Office to investigate* . . . ."<br><br>Mot. at 22 (emphasis added) |
| "Established protocols *required* the FBI to act *in specific ways* in response to the information it received about Nikolas Cruz: *assess the information as a potential threat to life and forward it to the FBI Miami Field Office*."<br><br>D.E. 1 ¶ 104 (emphasis added) | "the FBI was *not cabined* by any mandatory or specific statute, regulation, or directive"<br><br>Mot. at 25 (emphasis added) |

---

[1] For more examples, please see the Plaintiff's Motion for Extension of Time. D.E. 18.

2

| | |
|---|---|
| "FBI personnel were subject to ***mandatory, non-discretionary*** investigative procedures ***that dictated*** how tips concerning potential school shootings had to be handled."<br><br>D.E. 1 ¶ 121 | "[T]here were ***no*** non-discretionary protocols or obligations ***dictating*** the FBI's steps here."<br><br>Mot. at 23 (emphasis added) |

As explained in the Plaintiff's Motion for Extension of Time, those factual disputes (and the many others littered throughout the Motion to Dismiss) implicate this Court's subject matter jurisdiction as well as the merits of the Plaintiff's negligence claim because, for instance, the existence of mandatory, non-discretionary protocols and procedures ***both*** establish duty under Florida law and defeated the discretionary function exception under the FTCA.[2] [3] In this scenario, the appropriate procedure is for the Court to defer its finding of subject matter jurisdiction until the close of discovery, under the auspices of Rule 56, or at the very least to afford the Plaintiff threshold jurisdictional discovery.

As a compromise (which the Defendant has not accepted), instead of proceeding with full discovery, as he is entitled to do, the Plaintiff proposes a **4-month period of jurisdictional discovery**. To that end, on March 11, 2019, the Plaintiff served interrogatories and requests for production focused on the jurisdictional issues raised in the Defendant's Motion to Dismiss. Specifically, the jurisdictional subjects on which discovery is needed include:

1. The policies, protocols, processes, procedures, manuals, guidelines, handbooks, regulations, and training materials pertaining to how the FBI assesses or handles tips.

2. The policies, protocols, processes, procedures, manuals, guidelines, handbooks, regulations, and training materials pertaining to investigations into tips about

---

[2] The Motion to Dismiss challenges ***only*** duty and the discretionary function exception. (And, in a footnote that should be ignored for failing to fully present an argument, the timing of Mr. Guttenberg's appointment as personal representative of his daughter's estate.)

[3] The Complaint alleged other grounds for duty under Florida law as well.

> potential threats to life, active shooters, mass shootings, terrorism threats, and/or school shootings.
>
> 3. The identity of the persons involved in handling the tips on Nikolas Cruz/Marjory Stoneman Douglas, the identity of their supervisors and managers, and the identity of their trainers.
>
> 4. The identity of the FBI personnel in the Miami Field Office responsible for receiving and handling tips forwarded from other FBI officers, including the Public Access Line.

The Plaintiff anticipates that further jurisdictional discovery will be needed, including depositions. This is because the standards and protocols at issue for purposes of the discretionary function exception may not necessarily be formally articulated in published regulations; rather an agency may establish policy on a "case-by-case basis" or "rely on internal guidelines rather than published regulations" to set the standards of conduct that their employees must follow. *See United States v. Gaubert*, 499 U.S. 315, 324 (1991). The Plaintiff proposes that merits discovery begin once the Defendant's Motion to Dismiss is ripe (i.e., following the expiration of time for Defendant to file a reply brief).

Furthermore, the Plaintiff disagrees with the Defendant's proposal to segregate discovery into three separate phases once the Court rules on its subject matter jurisdiction. The Complaint was filed in November and, to date, no additional parties have brought separate lawsuits against the government. The Court should not delay the Plaintiff's ability to seek full discovery any longer on the grounds that future lawsuits may be brought at some later point in time. If and when such additional parties file suit, and if and when those cases become consolidated with this one, the Court should revisit the issue at that time and decide the best course for managing discovery in that consolidated case. In the meantime, the Plaintiff has waited four months to begin conducting discovery at the Defendant's request, and he should be permitted to proceed with full discovery.

    ii. **Defendant's position**

Defendant respectfully submits that all discovery should be stayed until after the Court has ruled upon its Motion to Dismiss.[4] On March 18, 2019, the Government filed a Motion to Stay Discovery, which outlines the basis for the Government's position. On March 18, 2019, the Government also filed its Response to Plaintiff's Motion for an Extension of Time to Respond to the Motion to Dismiss, which sets forth Defendant's position that, if any discovery is to be taken while the Motion to Dismiss is pending, it should be limited to Requests Nos. 4 and 5 of Plaintiffs' Request for Production, as those are the only pending discovery requests arguably germane to the Court's subject matter jurisdiction.[5]

Defendant further submits that, if the Court determines it has subject matter jurisdiction and the case proceeds to discovery, discovery should be phased into three sections: jurisdictional, liability, and damages. As noted below, Defendant anticipates additional complaints being filed based on the events at issue in this action. The United States may seek to consolidate any future actions with this case for purposes of liability discovery in order to streamline discovery and promote judicial economy. Managing any discovery in a lock step approach would serve judicial economy and prevent the parties from engaging in costly damages discovery that may ultimately prove unnecessary. Staying discovery would permit the Court to determine whether it has subject

---

[4] The United States does not agree with Plaintiffs' position that the jurisdictional argument asserted in its Motion to Dismiss regarding Mr. and Mrs. Guttenberg's appointment as personal representative of his daughter's estate is not ripe for consideration by this Court.

[5] Plaintiffs set forth a chart identifying allegations they submit are contradicted in the Government's Motion to Dismiss, and which give rise to questions of fact the Court will need to resolve in order to determine its subject matter jurisdiction. An examination reveals that these discrepancies are not material to the United States' Motion to Dismiss. *See* Def.'s Response to Pls.' Mot. For Extension of Time to Respond to the United States' Mot. to Dismiss at 9-11.

matter jurisdiction, and conducting any necessary discovery in phases would promote economy and efficiency for the Court and all parties.

> **C. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Parties will meet and confer to discuss the production of material, including electronically stored information.

> **D. The Parties recognize that this matter likely involves the discovery of Electronically Stored Information, but do not find it necessary to negotiate and execute a protocol governing the discovery and production of Electronically Stored Information ("ESI Protocol") at this moment.**

The parties agree to revisit this issue if the Court denies the United States' Motion to Stay Discovery. The parties anticipate the need for a protective order, as well as an order pursuant to Federal Rule of Civil Procedure 502(d) concerning privilege. In addition to other privileges, the United States reserves the right to assert the privilege over sensitive law enforcement information and information protected by statute.

> **E. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**

None at this time. As noted below, the United States anticipates several more cases being consolidated with this action. In that event, the parties reserve the right to revisit the discovery plan and modify accordingly.

> **F. Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)**

> *i. Plaintiff's position*

This Court should grant the Plaintiff's motion for an extension of time to respond to the Motion to Dismiss until the completion of jurisdictional discovery, as set forth in that motion.[6]

---

[6] To be clear, the Plaintiff's motion for an extension of time to respond to the Defendant's motion to dismiss seeks to extend the time for Plaintiff to respond until 21 days after the close of

6

### ii. *Defendant's position*

Defendants do not oppose Plaintiffs' request for a 21-day extension of time to respond to the Motion to Dismiss. Defendants, however, object to the 4-month, plus 21-day extension of time Plaintiffs' seek, because Defendants disagree that Plaintiffs require any discovery to address the purely legal issues presented in the Motion to Dismiss.

---

jurisdictional discovery. The Plaintiff suggests that four months would be an appropriate amount of time for the parties to conduct jurisdictional discovery, but the Plaintiff defers to the Court to decide the appropriate amount of time and simply asks the Court to extend the Plaintiff's deadline until 21 days after the close of jurisdictional discovery, whenever that may be.

## II. LOCAL RULE 16.1(B)(2) CONFERENCE REPORT

### A. Likelihood of settlement

Very low, given the Parties' vastly different positions on liability at the moment.

### B. Likelihood of appearance in the action of additional parties

Jaime Guttenberg was not the only victim of this mass shooting. In the past, the other victims' attorneys have expressed an interest in also filing suit against the Defendant. The Plaintiffs, however, do not know when or if such parties intend to file suit. In any event, none of those victims would be parties in this case.

The Government anticipates that additional parties, with administrative claims currently pending before the FBI, will file similar, if not identical, claims against the United States. At present, the FBI has received at least 22 Claims for Damage, Injury, or Death on Standard Form SF95 related to the events at Marjory Stoneman Douglas High School on February 14, 2018, from parties other than the Plaintiffs here. *See* 28 CFR § 14.2 (describing the Department of Justice's administrative claims process). Of those 22 claims, 18 have been pending for more than 6 months.[7] The government expects that many, if not all, of these claimants will soon file suit in this District.

### C. Proposed limits on the time (i) to join other parties and to amend the pleadings, (ii) to file and hear motions, and (iii) to complete discovery

Please see the proposed deadlines set forth in Section J, below.

### D. Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment

*i. Plaintiff's position*

---

[7] A party with an administrative claim pending before an agency for more than 6 months may deem the claim constructively denied, and may bring suit in federal district court. *See* 28 U.S.C. § 2675.

The Parties agree that counsel shall meet before the Pretrial Conference or Calendar Call to discuss any proposals for the formulation and simplification of the issues. Otherwise, none at this time.

With respect to the number of motions for summary judgment, each side is entitled to *one* motion for summary judgment. With respect to the timing of summary judgment, the Plaintiffs urge this Court to defer adjudication of the Defendant's Motion to Dismiss, which asserts a factual challenge to this Court's subject matter jurisdiction that is intertwined with the merits of the Plaintiff's negligence claim, until after the **close of all discovery**, and at that time should treat it as a motion under Rule 56. *See Douglas v. United States*, 814 F.3d 1268, 1281 (11th Cir. 2016) (Tjoflat, J., concurring) (explaining the proper procedure for adjudicating a motion to dismiss that raises a jurisdictional challenge—specifically, the discretionary function exception to the FTCA— that is intertwined with the merits).

### ii. *Defendant's position*

Defendant disagrees with Plaintiffs' proposal that the Court defer ruling on its Motion to Dismiss for lack of subject matter jurisdiction. The Government's motion asserts the sovereign immunity of the United States and raises a facial—not factual—challenge to the Court's subject matter jurisdiction. As argued in its Motion to Stay Discovery and its Response to Plaintiffs' Motion for a 4-month extension of time to respond to the Motion to Dismiss, the Court need not resolve any issues of fact to adjudicate the Motion to Dismiss. Adjudication will depend on review of Plaintiffs' Complaint against the applicable law. There is no reason for the delay in adjudication the motion.

Further, Defendant recognizes that the Local Rules prohibit multiple motions for partial summary judgment absent leave of Court, but disagrees with Plaintiffs' proposed limit of one motion for summary judgment for each party.

**E.  The necessity or desirability of amendments to the pleadings**

None at this time.  The Parties, however, reserve the right to amend pleadings and to add third parties that may be discovered through investigation or discovery, if any, on or before the deadline set forth by the Court for the amendment of pleadings or addition of parties.  The United States anticipates seeking consolidation of any related cases for purposes of promoting judicial economy and controlling litigation costs and delay.

**F.  The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence**

1. Authenticity of documents: Counsel will meet after the applicable discovery cut-off date, but before the Pretrial Conference or Calendar Call, to discuss stipulations regarding the authenticity of documents and the need for advance rulings from the Court on the admissibility of evidence.

2. Need for advance rulings: Unknown at this time.

**G.  Suggestions for the avoidance of unnecessary proof and of cumulative evidence**

The Parties agree (a) to work together to avoid unnecessary proof and cumulative evidence in order to avoid unnecessary use of judicial resources; (b) to endeavor to provide additional admissions of fact and stipulations prior to trial; (c) to continue to endeavor to find ways to litigate this case efficiently; and (d) to make their best efforts to narrow the issues through discovery.

Defendant proposes that once additional plaintiffs file suit, plaintiffs consolidate discovery requests propounded against the United States and that the United States have to provide any necessary deponents one time, rather than producing deponents repeatedly for examination by multiple plaintiffs.

**H.  Suggestions on the advisability of referring matters to a Magistrate Judge or master**

10

The Parties suggest that this Court adjudicate all discovery issues pertaining to its subject matter jurisdiction.  The Parties agree to have all other discovery issues referred to the Magistrate Judge.

### I. Preliminary estimate of the time required for trial

#### i. *Plaintiff's position*

The Plaintiff estimates that the bench trial of this matter will take seven to ten days.  The Plaintiff requests that the trial take place sometime in **April or May of 2020**, which is approximately 260 days (the standard track under Local Rule 16.1(2)(B)) from July 2019, which would be the end of the jurisdictional discovery period requested by the Plaintiff.

#### ii. *Defendant's position*

Defendants estimate that trial of this matter would require more than 10 days, and should take place no sooner that September of 2020.  Defendant submits this case is appropriate for assignment to the Complex Track pursuant to Local Rule 16.1(a)(2)(C).

### J. Requested date or dates for conferences before trial, a final pretrial conference, and trial

#### i. *Plaintiffs Requests:*

| DATE | EVENT |
|---|---|
| 03/08/2019 | Commence jurisdictional discovery period |
| 06/07/2019 | Status conference re: remaining jurisdictional discovery |
| 07/12/2019 | Close of jurisdictional discovery period |
| 07/12/2019 | Deadline to join additional parties and to amend pleadings |
| 08/02/2019 | Plaintiff's deadline to respond to Motion to Dismiss |
| 08/09/2019 | Defendant's deadline to reply to response to Motion to Dismiss |
| 08/09/2019 | Commence discovery period |
| 02/07/2020 | End of discovery, including expert discovery |
| 02/14/2020 | Deadline to complete mediation |
| 02/21/2020 | Deadline to file all pretrial motions, including *Daubert* motions, summary judgment motions, and other dispositive motions |
| 03/30/2020 | Final pretrial conference |
| 04/13/2020 | Commence trial period |

#### ii. *Defendant's Request:*

Because there are at least 22 outstanding administrative claims related to the events at Marjory Stoneman Douglas High School from claimants other than Plaintiffs, it is expected that many, if not all, of these claimants will soon file suit in this District. There is a high likelihood that any schedule set by the parties now will be modified in the future. Therefore, it would be prudent to postpone setting a schedule until after the Court rules on the parties' pending discovery motions. However, should the Court require a proposed schedule at this time, the Defendant submits the following schedule:

| Date | Event |
| --- | --- |
| April 15, 2019 | Deadline to amend pleadings |
| March 17, 2020 | End of discovery, including expert discovery |
| April 17, 2020 | Deadline to file all pretrial motions, including *Daubert* motions, summary judgment motions, and other dispositive motions |
| August 17, 2020 | Pretrial Conference |
| September 7, 2020 | Trial |

**K. Any issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert those claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist**

None.

**L. Any other information that might be helpful to the Court in setting the case for status or pretrial conference**

None at this time.

**Respectfully submitted March 18, 2019.**

By: */s/ Kristina M. Infante*
Steven C. Marks (FBN 516414)
Kristina M. Infante (FBN 112557)
PODHURST ORSECK, P.A.
One SE 3rd Avenue, Suite 2300
Miami, FL 33131
(305) 358-2800
Attorneys for the Plaintiff

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:  /s/ Carlos Raurell
Carlos Raurell
Assistant United States Attorney
Florida Bar No. 529893
Carlos.Raurell@usdoj.gov
United States Attorney's Office
99 NE 4th Avenue, Suite 300
Miami, Florida 33132
Telephone: (305) 961-9243
Facsimile: (305) 530-7139
Attorneys for the Defendant