UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62758-CIV-DIMITROULEAS/SNOW

FREDERIC AND JENNIFER
GUTTENBERG, as co-representatives
of the Estate of Jaime Guttenberg,

    Plaintiffs,
v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

CASE No. 19-61623-CIV/DIMITROULEAS/SNOW

PHILIP AND APRIL SCHENTRUP,
as co-personal representatives of the Estate
of Carmen M. Schentrup,

    Plaintiffs,
v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on several motions on which the Court heard argument today. This Order memorializes the Court's rulings announced at the hearing:

1. The Plaintiffs' Motion to Compel the Government's Witnesses to Testify About Established Protocols (ECF No. 57 (and SEALED version of the Motion at ECF No. 58)) is DENIED, without prejudice to renew.

2. The Plaintiffs' Expedited Motion to Compel and Request for Hearing (ECF No. 66) is GRANTED, in part. The determination of whether a policy, protocol, or procedure, whether written or otherwise, is "mandatory" is a determination for the Court, not the Defendant, to

make.

At today's hearing, the Court asked defense counsel whether he denied that the Defendant had made a determination as to whether something was "mandatory." Defense counsel at first argued that the FBI had made a determination as to what was "mandatory" before producing documents, and then argued that the FBI met its discovery obligation by already producing what was referenced in the "FBI Statement on the Shooting in Parkland, Florida," dated February 16, 2018. FBI Statement, Attachment 4 to Motion to Dismiss (ECF No. 17-4). Defense counsel later argued that any documents not yet produced were "not relevant" to the determination of whether the discretionary function exception (to the Federal Tort Claims Act, 28 U.S.C. § 2680(a)) applies.

Having considered the arguments, the Court directs the Defendant to produce to the Court, under seal for *in camera* review, anything that meets the definition of permissible discovery set forth in the Order of Judge Dimitrouleas entered on April 15, 2019 (ECF No. 27) that the Defendant has withheld as not relevant to this case or not meeting the Defendant's interpretation of "mandatory." The Defendant shall produce the materials to this Court no later than October 7, 2019. After the Court's review, if the Court orders production the Court will stay the production until the Defendant has the opportunity to obtain a ruling from Judge Dimitrouleas as to any appeal by the Defendant of the undersigned's decision.

The Defendant also must identify to the Plaintiffs, no later than October 7, 2019, those pages among the documents already produced that were the "established protocols" the FBI admitted "were not followed" in the "FBI Statement on the Shooting in Parkland, Florida," dated February 16, 2018. FBI Statement, Attachment 4 to Motion to Dismiss (ECF

No. 17-4).

The Plaintiffs may renew their Expedited Motion to Compel after receipt of the Defendant's identification, if necessary. Further, the Plaintiffs' prior Motion to Compel (ECF No. 63 (and SEALED version of the Motion at ECF No. 64)) is DENIED, as moot, in light of the filing of the Expedited Motion to Compel.

3. The Defendant's Motion for Protective Order (ECF No. 74) is DENIED, without prejudice to renew if the Plaintiffs again seek to depose Director Wray after the Plaintiffs have reviewed the Defendant's identification, to be provided as described above. The deposition previously noticed for September 25, 2019, is cancelled.

4. The Defendants' Expedited Motion for Protective Measures (ECF No. 77) is GRANTED, in part. The Court conducted today's hearing under seal, subject to a later motion to unseal all or a portion of the record.

DONE and ORDERED at Fort Lauderdale, Florida this 24th day of September, 2019.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
 Counsel of Record

3