UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-62758-CIV-DIMITROULEAS

FREDERIC and JENNIFER GUTTENBERG,
as co-representatives of the Estate of
Jaime Guttenberg,

        Plaintiffs,

vs.

UNITED STATES OF AMERICA,

        Defendant.
_____/

Case No. 19-61623-CIV-DIMITROULEAS

PHILIP and APRIL SCHENTRUP,
as co-representatives of the Estate of
Carmen M. Schentrup,

        Plaintiffs,

vs.

UNITED STATES OF AMERICA,

        Defendant.
_____/

## **ORDER**

THIS CAUSE is before the Court on Defendant's Expedited Appeal of Order Dated January 6, 2020 (ECF 151), filed on January 13, 2020. *See* [DE 158] (the "Appeal"). The Court has carefully considered the Appeal, Plaintiffs' Response [DE 164], Judge Snow's Order dated January 6, 2020 [DE 151], and is otherwise fully advised in the premises. The Court has also conducted a *de novo* review of the 19/30 pages of PAL protocols attached to the Appeal. *See* [DE 158-1].

"A district court reviewing a magistrate judge's discovery order is, in general, limited by statute and rule to reversing that order only if it is 'clearly erroneous or contrary to law.'" *S.E.C. v. Merkin,* 283 F.R.D. 699, 700 (S.D. Fla. 2012) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). "In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge." *Id.* (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401 (1990)).

The Government appeals Judge Snow's January 6, 2020 Order [DE 151] to the extent that it denied the Government's Motion for Reconsideration [DE 142] of Judge Snow's December 11, 2019 Revised Order [DE 133] with regard to the following rulings:

> As the Defendant has continued to argue that it is protected by the discretionary function exception to the Federal Tort Claims Act, the Defendant must be precise as to what protocols were "not followed," and provide sufficient context as to how they were "not followed" to allow the Plaintiffs to prepare their response to the Motion to Dismiss.

*See* [DE 133] at pp. 22-23.

> The Court has reviewed the parties' arguments and does not find that the Defendant is entitled to a modification of the Court's Order as to the specification of the protocols. The Court is not requiring the Defendant to be precise as to how the protocols were not followed, but the Defendant must provide some context to how these protocols were not followed, to allow the Plaintiffs to respond to the Motion to Dismiss. The Defendant's argument that it "cannot identify the established protocols ... with any greater specificity," Motion (ECF No. 142), at 6, is not a proper basis for a motion for reconsideration. Similarly, the Defendant's argument that the FBI Statement of February 16, 2018, was "not referencing any specific protocol" but rather was referring to a "compilation of protocols" - a newly stated, or at least newly phrased, argument by the Defendant - is not sufficient grounds for reconsideration.

[DE 151] at p. 2.

At the heart of the instant discovery dispute in this Appeal is Plaintiffs' months-long attempt during jurisdictional discovery to require the Government to identify and produce the

referenced established protocols and processes that the FBI stated were in place but were not followed in public statements and letters during the days and weeks after the Parkland Shooting. Plaintiffs seek this information so that they can distinguish between the FBI's discretionary decisions and mandatory obligations in order to respond to arguments raised in the Government's Motion to Dismiss. *See* [DE 17].  While the Government's litigation position regarding the existence and identification of the policies and protocols that governed the FBI's handling of tips about Nikolas Cruz has evolved during this time, it appears that the Government takes the position that it is unable to be more precise as to what established protocols the FBI stated were not followed because the FBI's public statements were not referencing any specific or particular FBI policies or protocols that were not followed, but instead these statements were referencing a general compilation of protocols in attempt to reassure the public in the wake of a national tragedy. [1]  It was reasonable for Plaintiffs to seek this information, particularly in light of the arguments raised by the Government's Motion to Dismiss.  The Court does not fault Judge Snow for procedurally denying the Government's reconsideration motion with respect to this issue; the arguments raised are not proper grounds for reconsideration.  Nonetheless, the Court cannot compel the Government to more specifically identify and provide context for the established protocols that were not followed as referenced by the FBI's public statements if the Government has exhausted its ability to do so.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Appeal [DE 158] is **SUSTAINED**;

---

[1] While the Government may not want to explicitly state this, it may be implicitly stating that there were no specific established policies or protocols that were violated, contrary to the information that was publicly disseminated.

2. In light of the pending Motion to Compel [DE 163], Plaintiffs will have fourteen (14) days from when the Court indicates that the jurisdictional discovery has ended to either respond to the Motion to Dismiss or to file an Amended Complaint.

**DONE and ORDERED** in Chambers, Ft. Lauderdale, Broward County, Florida, this 22nd day of January, 2020.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
All counsel of record