UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-62758-CIV-DIMITROULEAS

FREDERIC and JENNIFER GUTTENBERG,
as co-representatives of the Estate of
Jaime Guttenberg,

        Plaintiffs,

vs.

UNITED STATES OF AMERICA,

        Defendant.
_____/

Case No. 19-61623-CIV-DIMITROULEAS

PHILIP and APRIL SCHENTRUP,
as co-representatives of the Estate of
Carmen M. Schentrup,

        Plaintiffs,

vs.

UNITED STATES OF AMERICA,

        Defendant.
_____/

## **ORDER**

THIS CAUSE is before the Court on Defendant's United States' Appeal of Magistrate Judge Snow's Order Dated February 24, 2020 (ECF 183), filed on March 2, 2020. *See* [DE 158] (the "Appeal").  The Court has carefully considered the Appeal, Judge Snow's Sealed Order dated February 4, 2020 [DE 183][1], and is otherwise fully advised in the premises.  The Court has also conducted a *de novo* review of the entire record in this case.

---

[1] On March 2, 2020, Judge Snow issued a Redacted Order of Sealed Order. *See* [DE 185].

On February 14, 2018, Nikolas Cruz entered Marjory Stoneman Douglas High School in Parkland, Florida, and killed 17 students and teachers, including Jaime Guttenberg and Carmen Schentrup.  On November 13, 2018, Plaintiffs Frederic and Jennifer Guttenberg, as co-representatives of the Estate of Jaime Guttenberg, filed case no. 18-cv-62758-WPD, alleging a claim of negligence against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).  Plaintiffs allege that the Federal Bureau of Investigation ("FBI") failed to comply with its mandatory obligations to handle, investigate, and intervene on tips it received about Nikolas Cruz's plans to carry out a mass shooting, resulting in the death of their daughter. *See* [DE 1]. [2]

On March 5, 2019, the United States filed a Motion to Dismiss. *See* [DE 17].  The Motion to Dismiss presents two independent grounds for dismissal.  First, the United States argues that it did not owe a duty to Plaintiffs and their daughter under Florida law.  Second, the United States argues that the FTCA's discretionary function exception, 28 U.S.C. § 2680(a), bars the claim based on the decisions of the FBI on how to assess, prioritize, and investigate tips of potential criminal activity.

In response to the filing of the Motion to Dismiss, Plaintiffs filed a Motion for Extension of Time to Respond to Defendant's Motion to Dismiss, requesting jurisdictional discovery on the mandatory protocols and procedures governing what the FBI was required to do in this case. *See* [DE 18].  In contrast, the United States filed a Motion to Stay Discovery *See* [DE 21].  After full

---

[2] On June 28, 2019, Philip and April Schentrup, as co-representatives of the Estate of Carmen M. Schentrup (the "Schentrups"), filed their Complaint against the United States. *See* case no. 19-cv-61623.  A Joint Motion to Consolidate for Pretrial Proceedings was filed on July 23, 2019, which the Court granted on July 31, 2019. *See* [DE's 54, 55].  Pursuant to Rule 42, Fed. R. Civ. P., these two cases have been consolidated for pretrial proceedings, including the completion of jurisdictional discovery and adjudication of Defendant's Motion to Dismiss. *See* [DE 55].

briefing and careful consideration, the Court entered an Omnibus Order on April 15, 2019. *See*

[DE 27].  Therein, the Court granted Plaintiffs leave to conduct jurisdictional discovery

> regarding the existence and content of any mandatory established policies,
> protocols, and procedures, whether written or otherwise, governing the FBI's
> conduct in assessing or handling tips regarding potential threats to life, active
> shooters, mass shootings, terrorism threats, and/or school shootings

*See* [DE 27].  The Omnibus Order extended the time for Plaintiffs to respond to the United

States' Motion to Dismiss until two weeks after the close of jurisdictional discovery. *See id.*  The

Court anticipated that jurisdictional discovery could be completed in approximately three (3)

months, and set a deadline of July 15, 2019. *See id.*   Jurisdictional discovery took significantly

longer than the Court anticipated.  This will be further discussed *infra*.

On January 30, 2020, the Court, believing that jurisdictional discovery had been

completed and all matters related thereto had been resolved, entered a paperless order, stating:

"Jurisdictional discovery in this matter has now ended. Plaintiffs will have until February 14,

2020 to either respond to the Motion to Dismiss or to file an Amended Complaint." *See* [DE

170].

However, on February 6, 2020, Plaintiffs filed a Motion to Compel Production. *See* [DE

173].  Plaintiffs stated that they had "recently learned—after months of jurisdictional

discovery—that the government has withheld some relevant documents in this case based on at

least three strained and unilateral determinations as to relevancy." *See id.* at p. 2.  Plaintiffs

further explained that:

> First, contrary to the Order's plain meaning, the government appears to
> take the view that the Order extends only to the conduct of the FBI's Public
> Access Line (PAL), and to no other entity or office within the FBI. Second, the
> government appears to take the view that the Order covers only the "pre-

assessment" of tips. Third, the government appears to have improperly withheld some terrorism-related materials that are within the scope of jurisdictional discovery. These withheld materials include documents related to international terrorism, notwithstanding the fact that the government's own documents indicate that the tips about Nikolas Cruz—who expressed sympathy for ISIS—qualified as tips about international terrorism.

Plaintiffs are entitled to receive all non-privileged materials within the scope of this Court's Order. This includes materials containing policies, protocols and procedures (1) governing the conduct of any FBI office or subdivision, not just the PAL; (2) governing the "handling" and "assess[ment]" of tips, not just the initial intake of tips; and (3) governing the handling and assessment of tips about terrorism, whether domestic or international.

[DE 173] at p. 3.

After full briefing, *see* [DE's 173, 180, 181], Judge Snow entered a Sealed Order on February 24, 2020 which granted Plaintiffs' Motion to Compel Production. *See* [DE 183]; *see also* [185] (Redacted Order of Sealed Order).  Judge Snow agreed with Plaintiffs, finding that the United States "has not properly interpreted this Court Orders.  The Defendant's narrow interpretation of the Court's Orders has resulted in deficient discovery responses." [DE 185] at p. 13.  Accordingly, Judge Snow ordered, in pertinent part, as follows:

(1) The Defendant is ordered to review the discovery provided to date and insure that all responsive, non-privileged documents are produced without the limitations that it has placed on its previous responses/production.

(2) The Defendant shall produce any policies, protocols and procedures:

(a) governing the conduct of any FBI office or subdivision, not just the PAL;

(b) governing the handling and assessment of tips at any stage, not just the initial intake of tips; and

(c) governing the handling and assessment of tips about terrorism, whether domestic or international.

(3) Any documents withheld on the basis of privilege shall be identified in a privilege log in accordance with the Local Rules of this Court within the same time frame provided below. After receipt of the privilege log, the parties shall confer in person or by telephone regarding any issues pertaining to the documents

withheld in an effort to understand the privilege asserted or agree to provide same, subject to appropriate safeguards.

[DE 185] at pp. 13-14.

The United States now appeals Judge Snow's February 24, 2020 Order [DE 183/185]. *See* [DE 186]. "A district court reviewing a magistrate judge's discovery order is, in general, limited by statute and rule to reversing that order only if it is 'clearly erroneous or contrary to law.'" *S.E.C. v. Merkin,* 283 F.R.D. 699, 700 (S.D. Fla. 2012) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). "In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge." *Id.* (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401 (1990)).

The United States contends that the Court's April 15, 2019 Omnibus Order permitted discovery only into the FBI's Public Access Line (PAL), not as to any other entity or office within the FBI, and, further, that the Court's Orders limit discovery to protocols regarding how the PAL "pre-assesses" or handles tips, not into protocols regarding how the FBI evaluates, assesses, handles, or investigates tips. Therefore, that the United States argues that it engaged in discovery consistent with and in full compliance with the Court's Orders permitting jurisdictional discovery. The United States states that Judge Snow's February 24, 2020 Order contemplates discovery that is unduly burdensome and disproportionate. The United States claims that Judge Snow's Order is contrary to the intent of the limited jurisdictional discovery and that it would take it "perhaps even years" to comply.

The Court finds the United States' contorted arguments regarding its exceedingly narrow and unfounded interpretations of the Court's discovery orders to be frivolous. There is nothing in the instant appeal that demonstrates to the Court that Judge Snow's February 24, 2020 Order

[DE 183/185] was clearly erroneous or contrary to law.  The Court echoes the conclusion of the

Plaintiff's Motion to Compel Production:

> The government's jurisdictional discovery obligations in this case are
> unambiguous: it must produce all relevant documents, and to the extent it
> contends that all or part of a document is protected by privilege, it should list the
> materials on a privilege log. The government appears not to have complied with
> these obligations based on unilateral and improper determinations as to the
> relevancy of certain materials. Plaintiffs are, of course, doubly prejudiced: by the
> government's failure to fully comply with its discovery obligations, and by the
> government's failure to share its unreasonable positions with Plaintiffs or the
> Court until the end of the jurisdictional discovery period. Therefore, they
> respectfully request that this Court specifically order the government to produce
> all documents within the scope of jurisdictional discovery.

[DE 173] at p. 5.

As stated above, jurisdictional discovery has taken much longer than the Court

anticipated.  Upon careful consideration of the record, the Court finds that the delay has been

predominately attributable to the United States' conduct in improperly withholding relevant

material based upon its extremely narrow and incorrect interpretation of the plain language and

clear intent of the Court's Orders.  The remedy is as follows:  Jurisdictional discovery remains

closed.  The United States' Motion to Dismiss [DE 17] is denied as to the FTCA's discretionary

function exception, without prejudice to the United States raising this argument at summary

judgment or trial following full discovery, in the event that the Court denies the Motion to

Dismiss as to the United States' argument that it did not owe a duty to Plaintiffs and their

daughter under Florida law.[3]  Plaintiffs shall now have fourteen (14) days to either respond to

that argument in the Motion to Dismiss or file an Amended Complaint.

---

[3] The Court notes that this is consistent with the Eleventh Circuit's approach with regard to the FTCA's discretionary function exception, that "the finding of subject matter jurisdiction should be made together with a merits determination under Rule 56 when, as will often be the case, the two are sufficiently intertwined." *See Douglas v. United States*, 814 F.3d 1268, 1281 (11th Cir. 2016) (Tjoflat, concurring).  *See also Lawrence v. Dunbar*, 919 F.2d 1525, 1530 (11th Cir.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Appeal [DE 158] is **DENIED**;

2. Judge Snow's February 24, 2020 Order [DE 183/185] is **AFFIRMED**, as modified herein with regard to the relief granted;

3. Jurisdictional discovery remains closed;

4. The United States' Motion to Dismiss [DE 17] is **DENIED** as to the discretionary function exception, without prejudice to the United States raising that argument at summary judgment or trial following full discovery, in the event that the Court denies the Motion to Dismiss as to the United States' argument that it did not owe a duty to Plaintiffs under Florida law.

5. On or before **March 18, 2020**, Plaintiffs shall either respond to the Motion to Dismiss as to the United States argument that it did not owe a duty to Plaintiffs under Florida Law, or file an Amended Complaint.

   **DONE and ORDERED** in Chambers, Ft. Lauderdale, Broward County, Florida, this 4th

day of March, 2020.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record

---

1990) ("When the jurisdictional basis of a claim is intertwined with the merits, the district court should apply a Rule 56 summary judgment standard . . . .").