**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CONSOLIDATED ACTION

Case No. 18-62758-CIV-DIMITROULEAS
Case No. 19-61623-CIV-DIMITROULEAS
Case No. 20-60303-CIV-DIMITROULEAS
Case No. 20-60306-CIV-DIMITROULEAS
Case No. 20-60307-CIV-DIMITROULEAS
Case No. 20-60308-CIV-DIMITROULEAS
Case No. 20-60310-CIV-DIMITROULEAS
Case No. 20-60311-CIV-DIMITROULEAS
Case No. 20-60317-CIV-DIMITROULEAS
Case No. 20-60319-CIV-DIMITROULEAS
Case No. 20-60322-CIV-DIMITROULEAS
Case No. 20-60325-CIV-DIMITROULEAS
Case No. 20-60326-CIV-DIMITROULEAS
Case No. 20-60327-CIV-DIMITROULEAS
Case No. 20-60328-CIV-DIMITROULEAS
Case No. 20-60330-CIV-DIMITROULEAS
Case No. 20-60331-CIV-DIMITROULEAS
Case No. 20-60332-CIV-DIMITROULEAS
Case No. 20-60333-CIV-DIMITROULEAS

IN RE: MARJORY STONEMAN DOUGLAS
HIGH SCHOOL SHOOTING FTCA LITIGATION
_____/

**PLAINTIFFS' SURREPLY IN OPPOSITION TO**
**GOVERNMENT'S MOTION TO DISMISS**

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

The government's reply brief contains several misstatements of law, most importantly regarding the tort duties of private persons and governmental defendants in Florida. Plaintiffs submit this surreply to correct these errors and clarify the applicable legal standards.

**I.   In Florida, the duties of governmental actors are governed by the *Trianon* taxonomy.**

When questions of duty arise in cases involving the tort liability of state governmental actors, Florida courts begin the analysis by sorting the governmental conduct at issue into one of the four categories described in *Trianon Park Condo. Ass'n v. City of Hialeah*, 468 So. 2d 912 (Fla. 1985). Each of the four categories encompasses a different type of governmental activity: (I) legislative, permitting, licensing, and executive officer functions; (II) law enforcement and the protection of public safety; (III) capital improvements and property control operations; and (IV) professional, educational, and general services for the health and welfare of citizens. *Id* at 919.

Under the *Trianon* taxonomy, the *type* of governmental activity at issue—*i.e.*, the classification of the activity by category—determines the "duty of care between a governmental actor and an alleged tort victim." *Wallace v. Dean*, 3 So.3d 1035, 1047 (Fla. 2009). Category I activities fail to support a duty of care owed by a government actor. *Id.* Category II activities are governed by Florida's public duty doctrine. Therefore, these activities *usually* fail to support a duty of care owed by the government, unless the plaintiff can plead an exception to the public-duty doctrine, such as a special duty or special relationship. By contrast, Category III and Category IV activities are associated with traditional duties of care owed to private individuals. Neither the public duty doctrine nor its heightened pleading requirements have any application to Category III or IV cases, let alone tort cases against private persons. *Cf. id.* at 1044, n.13.[1]

In short, for governmental activities in Categories I and II, duties are *much narrower* than those applicable to private persons. The only time Florida courts engage in something resembling a private-person analysis in governmental torts cases is when they are considering the duties owed by governmental actors whose activities fall within Categories III or IV of the *Trianon* taxonomy.[2]

---

[1]   Moreover, contrary to the government's apparent misapprehension, Florida's public duty doctrine is a *duty* concept, *not* a doctrine of sovereign immunity. As the Florida Supreme Court explained in *Wallace*, in Category II cases, the duty analysis "include[s] examination of the so-called public-duty doctrine and its recognized exceptions." *Id.* To be sure, the public duty doctrine incorporates concepts associated with sovereign immunity, but as a matter of Florida law, the doctrine is nevertheless part of courts' *duty* inquiry.

[2]   The government therefore misstates the law when it asserts that "the scope of the duty owed by federal and state government actors is the same under Florida law—not narrower or broader." Reply Br. at

**Podhurst Orseck P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

|     | **Governmental Activity** | **Scope of Governmental Duty of Care** |
|-----|----------------------------|-----------------------------------------|
| **I** | Legislative and executive officer functions | ***No duty exists***. |
| **II** | Law enforcement and protection of the public safety | ***No duty exists*** per public-duty doctrine, ***unless*** plaintiff can plead an exception to the doctrine (e.g., "special duty of care" or "special relationship"). |
| **III** | Capital improvements and property control | ***Duty of private person*** to operate property. |
| **IV** | Services for health and welfare of citizens | ***Duty of private person*** to exercise reasonable care. |

## II.     Florida's *Trianon* analysis has little, if any, bearing on the private-person analysis required under the FTCA.

Florida's *Trianon* analysis therefore differs fundamentally from federal courts' duty analysis under the FTCA.  Under the FTCA, courts are required to analyze the government's duty using a private person analog.  By contrast, under *Trianon*, Florida courts generally *first* sort the government's activity into one of the four categories, and *then*, only if necessary, engage in a private-person analysis.  If the activity falls into Category I or II, Florida courts do not conduct any private-person analysis at all.  Therefore, to the limited extent that Florida's *Trianon* analysis resembles an FTCA analysis, it is only in cases falling under Categories III and IV.  *See id*.[3]

Two seminal Florida Supreme Court cases aptly illustrate this dynamic. In *Pollock v. Fla. Dept. of Highway Patrol*, the court concluded that the Highway Patrol's law-enforcement activities were "clearly category II functions." 882 So.2d 928, n. 7 (Fla. 2004).  Accordingly, the court ***did not*** engage in a private-person analysis. *See id.* at 939 (Anstead, C.J., concurring) (noting that the court "reject[ed]" a "routine cause of action" against emergency responders based on "a

---

3. Although the plain text of Florida's Tort Claims Act appears to contemplate a private-person analysis, *see* Fla. Stat. § 768.28, under *Trianon* courts need not reach a private-person analysis in many cases.

Specifically, *Trianon* expressly rejected the application of a private-person analysis in cases involving law enforcement and public safety activities—i.e., Category II activities.  Instead, it accepted the government's argument that law enforcement activities do not give rise to tort duties because they are uniquely governmental.  *See Trianon*, 468 at 917 ("[T]he city argues that law enforcement is not the kind of activity for which the state intended to waive its immunity since it is not the type of activity engaged in by private individuals. We find persuasive the arguments of the city.").  This same argument has been repeatedly *rejected* by the U.S. Supreme Court in federal tort claims cases.  *See Indian Towing Co. v. United States*, 350 U.S. 61, 64 (1955) and its progeny.

[3]     A case cited by the government in its reply brief, *Anderson v. Snyder*, 389 F. Supp. 3d 1082 (S.D. Fla. 2019), demonstrates this order of operations in governmental torts cases for Florida state entities. Discussing the tort duties owed by the local sheriff's office, the *Anderson* court explained that it "must first determine whether the Sheriff's actions constitute a category II or category IV activity," and then, after "having found that the deputies were performing a category II activity," it must determine whether plaintiffs established a "special duty of care" to overcome the public duty doctrine. *Id.* at 1093-94.

3

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

recognition" that they are "unlike private providers of a service"). As Justice Pariente noted in dissent in *Pollock*, ***had the court conducted a private-person analysis, the result would have been the opposite***. *See id.* at 941-42 (arguing that the court should have analyzed the defendant's conduct under Restatement § 324A and *McCain v. Fla. Power Corp.*, 593 So.3d 500 (Fla. 1992)). *Pollock*'s rejection of a private-person analysis is totally consistent with *Trianon*, which broadly held that the public duty doctrine barred liability for all sorts of governmental activities under Category II. *See Trianon*, 468 So. 2d at 919 (holding that state cannot generally be liable for actions of fire protection agencies, building inspectors, elevator inspectors, health department inspectors, and police officers).[4]

By contrast, in *Wallace v. Dean*, the court concluded that the Sheriff's conduct fell into Category IV. Therefore, "the public-duty doctrine associated with category II of *Trianon*, and any exceptions thereto, [we]re inapposite to the case at bar." 3 So.3d at 1049. The court *then* "consider[ed] whether the Sheriff owed the decedent a common-law duty of care pursuant to the traditional principles of tort law," *id.*, namely the principles outlined in § 324A and *McCain*.

**III.    The government's reply brief improperly invokes the limitations of Florida's public duty doctrine.**

Of course, the *Trianon* analysis is inapplicable to the duty question that is presently before this Court. Even the government accepts, as it must, that the FTCA *requires* a private-person analysis. This is true *regardless* of the nature of the governmental activity at issue. It would therefore be entirely inconsistent with the FTCA and the Supreme Court's FTCA jurisprudence for this Court to adopt an analysis applicable to only state public entities in Florida and sort the PAL's activity into one of the *Trianon* categories. The government's reply brief, however, *repeatedly* cites requirements and limitations derived from *Trianon* Category II cases. Consider, for example, the government's extensive reliance on *Pollock*. As noted above, *Pollock* was principally a Category II case.[5] Accordingly, the court ***did not*** conduct a private-person analysis,

---

[4]    This is yet another way that *Trianon* is unreconcilable with the FTCA, as countless cases recognize that the government's duties as to these kinds of activities must be examined using a private-person analysis. *See, e.g.*, *Rayonier Inc. v. U.S.*, 352 U.S. 315 (1957) (firefighting services); *Buckner v. U.S.*, 919 F.3d 1038 (8th Cir. 2019) (mine inspection); *Appley Bros. v. U.S.*, 164 F.3d 1164 (8th Cir. 1999) (grain inspection).

[5]    As noted in Plaintiffs' response brief, the *Pollock* court contemplated two theories of duty: premises liability, and a duty to remove stalled vehicles from the highway. Although the court briefly contemplated a private-person analog as to the first theory, it summarily rejected the theory because the Highway Patrol

**Podhurst Orseck P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    |    www.podhurst.com

based on a "recognition that ***unlike private providers of a service*** who may contract or not at will, government emergency responders are compelled to act by virtue of a legislative public policy decision[.]" *Id.* at 939 (Anstead, J., concurring) (emphasis added).

The *Pollock* majority summarized Category II's public duty doctrine as follows: "[t]he responsibility to enforce the laws for the good of the public cannot engender a duty to act with care toward any one individual, unless an official assumes a special duty with regard to that person." *Id.* at 932. The government, however, misleadingly cites to this language as limiting the tort duties of *private* persons. Reply Br. at 4. What is more, despite *Pollock*'s rejection of a private-person analysis, the government misrepresents it as a case in which "the Florida Supreme Court . . . concluded that a private person . . . would not owe a duty of care in these circumstances." *Id.* at 3. And it invokes *Pollock* as imposing requirements and limitations on the tort duties of *private* actors. *See id.* at 4-5 (suggesting that Plaintiffs were required to plead a special duty, special relationship, or affirmative assurances made to the January 5 tipster).

It is instructive to compare *Pollock*, a governmental tort case, with the analysis in *Vendola v. Southern Bell Tel. Co.*, 474 So.2d 275 (Fla. 4th DCA 1985), a bungled 911 call case brought against a *private entity*. In *Vendola*, a teenager who was wounded by a gunshot, called the Broward Sheriff's Office on the emergency number, 911, and uttered only the words "Ambulance. Quick." After receiving the call, BSO immediately telephoned Southern Bell requesting that the call be traced to ascertain an address to which aid could be dispatched. Southern Bell had contracted with Broward to provide call-tracing services. But the Sheriff's request was "followed by an incredible succession of blunders by Southern Bell spanning almost two hours before the call was correctly traced and the proper address provided." *Id.* at 277. By then, the teenaged caller had died.

The caller's parents sued, alleging that Southern Bell's negligent failure to correctly trace the call denied their son the treatment necessary to save his life. In holding that Southern Bell owed the shooting victim a tort duty, the court explained that "[w]hen it undertook the service of tracing these calls, Southern Bell exposed itself to that venerable principle of law that an action undertaken for the benefit of another, even gratuitously, must be performed in accordance with an obligation to exercise reasonable care." *Id.* at 278. Even though Southern Bell was providing a public service for law enforcement and the public safety, it could not benefit from the public-duty doctrine, which

---

did not own or control the highways. The court then went on to analyze the second theory of duty under *Trianon* Category II, and it is this section of the opinion that the government cites to and relies upon.

**Podhurst Orseck P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

is reserved for ***government*** actors.  The Court reasoned that "Southern Bell undertook the rendition of a public service thereby assuming the duty to exercise reasonable care in the discharge of that undertaking," and thus "a duty exist[ed] as a matter of law" toward the shooting victim. *Id.* at 279.

It bears noting what the *Vendola* court did ***not*** hold or require.  It did not require the plaintiffs to plead or show a special duty or a special relationship—requirements which are specific to Florida governmental tort cases.  Nor did the *Vendola* court conclude that, as the government argues in its briefing, activities associated with "general law enforcement efforts . . . cannot form the basis of a voluntary undertaking under Florida law[.]"  Reply Br. at 4 (quoting Mot. at 11).

In short, the government's reply brief misrepresents the applicable analysis in at least four respects: (1) the government relies upon the *Trianon* framework, which is inapplicable to FTCA cases; (2) it assumes, *sub silentio*, that the PAL's conduct here would be a *Trianon* Category II activity; (3) it misleadingly presents this Category II analysis as though it were part of the undertaking doctrine applicable to private tortfeasors; and (4) it specifically misrepresents *Pollock*'s Category II analysis as a private-person analysis.

## IV.     When the government is not improperly relying on the public duty doctrine, it is transplanting inapplicable legal standards from other areas of law.

The government's improper reliance on *Trianon* and its progeny is only one of the errors of law that pervade the reply brief.  To give just another example, the government asserts that for purposes of the undertaking doctrine, "it is well settled that reliance is judged by an objective, reasonableness standard." Reply Br. at 5.  This is flatly incorrect. Under Florida's undertaking doctrine, reasonable reliance is *not* required. *Cf. Wallace*, 3 So.3d at 1058 (Wells, J., dissenting) (arguing that the court *should have* required reasonable reliance).  Florida's approach mirrors the Restatement itself, which requires reasonable reliance in some instances but *not* in § 324A. *Compare* Restatement (Second) of Torts § 324A (requiring only "reliance") *with* § 552 (addressing negligent misrepresentation and requiring "justifiable reliance").

In support of its contention that reasonable reliance is required, the government cites *exclusively* to cases alleging a negligent *failure to procure insurance*, a distinct tort arising in a highly specialized area of law.  Moreover, even if the holdings of these insurance cases could be extended to *all* voluntary undertaking cases, none of the cases cited by the government actually holds that reasonable reliance is required. *Cf. Sheridan v. Greenberg*, 391 So.2d 234, 236 (Fla. 3d DCA 1980) (explaining in an insurance case that "[r]eliance . . . is sufficient to trigger a duty[.]").  Therefore, to the extent that these cases describe the reliance at issue as "reasonable," this is dicta.

6

**V.      Conclusion**

In short, the applicable analysis in this case is the private-person analysis mandated by the FTCA. Therefore, Florida's *Trianon* framework, public-duty doctrine, and related limitations on cognizable tort duties are plainly inapplicable here. The government's misstatements to the contrary are without merit.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 26, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record and any other electronic filer as of the time of the filing.

Respectfully submitted,

**PODHURST ORSECK P.A.**
Counsel for Frederic and Jennifer
*Guttenberg, as Co-Personal Representatives*
*of the Estate of Jaime Guttenberg*
One S.E. 3rd Avenue, Suite 2300
Miami, FL 33131
Telephone: (305) 358-2800

By: /s/ Kristina M. Infante_____
Kristina M. Infante
FL Bar No: 112557
Steven C. Marks
FL Bar No. 516414

**RENNERT VOGEL MANDLER &**
**RODRIGUEZ, P.A.**
*Counsel for Philip and April Schentrup, as*
*Co-Personal Representatives of the Estate of*
*Carmen M. Schentrup*
Miami Tower
100 S.E. Second Street, Suite 2900
Miami, Florida 33131
Telephone: (305) 577-4177
Facsimile: (305) 533-8519
E-mail: jtew@rvmrlaw.com
rstein@rvmrlaw.com
dperez@rvmrlaw.com

By /s/ Robert M. Stein_____

7

One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

Robert M. Stein, Esq.
Florida Bar No. 93936
Jeffrey A. Tew, Esq.
Florida Bar No. 121291

**Podhurst Orseck P.A.**

One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    |    www.podhurst.com