UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**FRED GUTTENBERG, ET AL.,**

    **Plaintiffs,**                               **CASE NO.: 18-CIV-62758-WPD**
                                                                             **consolidated**

vs.

**UNITED STATES OF AMERICA,**

    **Defendant.**
_____/

### NON-PARTY HENDERSON BEHAVIORAL HEALTH, INC.'S
### MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

**COMES NOW** Henderson Behavioral Health, Inc. ("Henderson"), by and through undersigned counsel, and respectfully files its Motion to Quash and Motion for Protective Order and states as follows:

1. The United States issued a subpoena to Henderson Behavioral Health, Inc. ("Henderson") seeking Nikolas Cruz' mental health records. A copy of the Subpoena is attached as Exhibit A.[1]

2. Henderson is a mental health provider offering services throughout Broward County, Florida. Following the Marjory Stoneman Douglas High School shooting, it was widely reported that Cruz received outpatient mental health services from Henderson for several years prior to the shooting, but that he discontinued those services in the fall of 2016 after turning 18 years of age.

---

[1] The Subpoena called for the production of documents by May 24, 2021. However, through ongoing conversations with counsel for the United States of America, that response time has been extended in order to allow the Court to consider the privacy issues outlined in this Motion.

3. Henderson was formerly a defendant in the consolidated civil claims brought by victims of the shooting, including the instant Plaintiff, in the circuit court in and for Broward County, Florida. ("State Action.") However, the claims against Henderson were dismissed with prejudice upon a finding that Henderson did not breach any duty owed to the victims of the shooting. *See Pollack v. Cruz,* 296 So. 3d 453 (Fla. 4th DCA 2020).

4. The subject Subpoena seeks the production of mental health records that are confidential in nature and protected from disclosure by federal and Florida law. Henderson is unable to produce such records absent a signed authorization or court order. *See* 45 C.F.R. § 164.512; Fla. Stat. § 394.4615.

5. A similar request was made in the State Action. In an effort to facilitate the production of records while simultaneously protecting the confidentiality of mental health records, the court in the State Action entered a protective order authorizing the limited release of the records to the victims of the shooting, their designated attorneys, and expert witnesses. (A copy of the protective order entered in the State Action is attached as Exhibit B.)

6. For the reasons set forth herein, Henderson respectfully requests the Court enter an order quashing the Subpoena. To the extent the Court finds good cause to support the production of mental health records, Henderson respectfully requests that any such production be governed by the terms of a protective order similar to the attached Exhibit 2.

## MEMORANDUM OF LAW

Federal law prohibits the disclosure of mental health records. 45 C.F.R. § 164.512. Florida law also prohibits the release of these records. Fla. Stat. § 394.4615. However, under both federal and state law, these records may be released pursuant to a court order. *See* 45 C.F.R. § 164.512(e)(1)(i) (Authorizing disclosure of mental health records in a judicial proceeding pursuant to a court order); Fla. Stat. § 394.4615(2)(c) (Authorizing disclosure of mental health records pursuant to court order). In determining whether there is good cause to authorize the disclosure of mental health records, courts are required to weigh the need for the information to be disclosed against the possible harm of disclosure to the person to whom such information pertains. Fla. Stat. § 394.4615(2)(c).

Based upon the foregoing, Henderson respectfully requests this Court enter an Order quashing the subpoena seeking the production of Nikolas Cruz' mental health records. To the extent the Court finds good cause to support the production of records, Henderson requests that the production and dissemination of any such records be limited to only the extent deemed necessary in the prosecution and defense of the instant litigation.

WHEREFORE, Henderson Behavioral Health, Inc., respectfully requests the Court enter an Order granting the relief requested herein, and for such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that on May 25, 2021, the foregoing was electronically filed with clerk of the court by using the CM/ECF system which will send a notice

of electronic filing to Paul D. Stern, Paul.D.Stern@usdoj.gov, P.O. 888, Benjamin Franklin Station, Washington, DC 20044.

                                                                /s/ *Joshua B. Walker*
                                      JOSHUA B. WALKER, ESQ.
                                      Florida Bar No. 0047614
                                      Walker, Revels, Greninger & Netcher, PLLC
                                      189 S. Orange Avenue, Suite 1830
                                      Orlando, FL 32801
                                      Tel: 407-789-1830; Fax: 321-251-2990
                                      JWalker@wrgn-law.com
                                      Attorney for Henderson Behavioral Health, Inc.