UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED ACTION

Case No. 18-62758-CIV-DIMITROULEAS
(consolidated cases)

IN RE: MARJORY STONEMAN DOUGLAS
HIGH SCHOOL SHOOTING FTCA LITIGATION

_____/

**UNITED STATES' RESPONSE TO HENDERSON BEHAVIORAL HEALTH, INC.'S
MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER**

## INTRODUCTION

Henderson Behavioral Health, Inc. ("Henderson"), a designated responsible third party in the above-captioned case, has moved to quash and seeks a protective order in response to a subpoena served by the United States to produce, *inter alia*, the medical and mental health records of Nikolas Cruz (the "Henderson records"). Cruz received mental health services at Henderson for several years prior to the school shooting at Marjory Stoneman Douglas High School on February 14, 2018 (the "Parkland Shooting"). *See* Docs. 271, 271-1. In support of its motion, Henderson argues that these records are "confidential in nature and protected from disclosure by federal and Florida law. Henderson is unable to produce such records absent a signed authorization or court order." *See* Doc. 271 at 2-3, citing 45 C.F.R. § 164.512; Fla. Stat. § 394.4615.

The United States does not oppose entering into a protective order to safeguard the Henderson records. Attached as an exhibit is a proposed protective order to govern the production of the Henderson records, which is modeled after the protective order already entered into in this case by the United States and Plaintiffs. *See* Ex. 1; Doc. 52 (protective order).

Upon the signing of the protective order, the United States should be allowed to obtain copies of the Henderson records to pursue its claims and defenses. The Henderson records are relevant both in terms of the United States' defenses and its assertion against Henderson as a designated responsible third party. In fact, plaintiffs in a related state court civil litigation purportedly have already received the Henderson records based upon a finding of good cause. Similar to the good cause identified in that action, the Government should be permitted to obtain discovery concerning Cruz's mental health and the treatment he received in the years leading up to the shooting. Henderson's motion to quash therefore should be denied.

1

# ARGUMENT

I. **THE UNITED STATES IS ENTITLED TO DISCOVER RECORDS THAT ARE RELEVANT TO THE ISSUES IN THIS LITIGATION.**

The Henderson records should be produced to the United States because they are relevant to the United States' claims and defenses; have already been obtained by Plaintiffs through other civil litigation; and will be safeguarded by the proposed protective order.

The determination of whether these records should be produced and how they should be safeguarded has been fully litigated in the state court civil litigation arising out of the Parkland Shooting. *See Order on Henderson Behavioral Health's Motion to Authorize Release of Nikolas Cruz' Mental Health Records*, *Pollack, et al. v. Cruz, et al.*, Case No. CACE-19-009607-(26), 17th Judicial Circuit, Broward County, (08/23/2018) (the "*Pollack* case"), Doc. 271-2, which is one of the consolidated cases of *In Re: Marjory Stoneman Douglas Cases*, Case No. 19-80000 (26), 17th Judicial Circuit, Broward County, Florida (the "State Court Civil Litigation").[1] In fact, upon information and belief, the Henderson records have been produced in their entirety by Henderson to the plaintiffs in the State Court Civil Litigation (many of whom are also Plaintiffs in this FTCA action)[2] pursuant to a protective order. As Plaintiffs were able to obtain these records in the State Court Civil Litigation, the United States likewise should be entitled to the same discovery. Accordingly, the United States respectfully requests that the Court deny the Henderson Motion to Quash and order the production of its records pursuant to the attached proposed protective order.

---

[1] *See Liability Phase Case Management Order*, *In Re: Marjory Stoneman Douglas Cases*, CACE 19-80000 (26), 17th Judicial Circuit, Broward County, Florida, dated 07/02/2019. (A copy of the order is attached at Exhibit 2.)

[2] *Compare* Exhibit 2 with *Order Granting Joint Motion to Consolidate For Pretrial Proceedings*, Doc. 55, and *Order Consolidating Cases for Pretrial Proceedings*, Doc. 257.

**A. THE HENDERSON RECORDS ARE RELEVANT TO THE UNITED STATES' CLAIMS AND DEFENSES AND PROPORTIONAL TO THE NEEDS OF THE CASE.**

Courts treat the scope of discovery under a Rule 45 subpoena the same as the scope of discovery under Rule 26.  *See e.g., Am. Fed'n of State, Cnty. & Mun. Employees (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 476 (S.D. Fla. 2011) (citations omitted).  Federal Rule of Civil Procedure 26 provides, in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

It is undisputed that the Henderson records contain information regarding the medical and mental health treatment of Nikolas Cruz.  Records concerning Cruz's mental health and treatment are relevant to issues of liability and causation, as they may shed light on why he targeted the school and whether this tragic event could have been prevented.  The United States has also designated Henderson as a responsible third party, alleging that it knew or should have known that Cruz posed a risk of harm to the students, teachers, and administrators at Marjory Stoneman Douglas High School.  This allegation is based upon the treatment Cruz received from Henderson for depression, which in turn contributed to causing his violent tendencies and behavior, and yet Henderson failed to warn them and otherwise keep them safe.  *See United States' Answer, 20th Affirmative Defense*, (Doc. 236 at 44-45).

Plaintiffs have already obtained the Henderson records in the State Court Civil Litigation and, therefore, it would be patently unfair and highly prejudicial to deny the United States access

3

to the same material.  *See Gayle v. Meade*, Case No. 20-21553-COOKE/GOODMAN, 2021 WL 1397128 (S.D. Fla. Apr. 7, 2021) (in report and recommendation, court found it would be "unduly prejudicial to deny plaintiffs the ability to obtain discovery" that may support their claims), *adopted*, *Gayle v. Meade*, 2021 WL 1377872 (S.D. Fla. Apr. 11, 2021).  Plaintiffs purportedly have also received the deposition transcripts of thirteen Henderson employees, which were taken during a related criminal matter.  *See Non-Party State Attorney's Office Notice to Court and Parties*, *In Re:  Marjory Stoneman Cases*, Case No. 19-80000 (26), 17th Judicial Circuit, Broward County, Florida, Filing #116285118 (11/06/2020), Exhibit A entitled *SD-8 Mental Health/Medical Records Privilege Log*, identifying the thirteen depositions being withheld, *and Non-Party State Attorney's Office Second Notice to Court and Parties*, *In Re: Marjory Stoneman Cases*, Case No. 19-80000 (26), 17th Judicial Circuit, Broward County, Florida, Filing #119029857 (1/04/2021), providing notification that the thirteen depositions were being produced pursuant to a protective order.  (Copies of the State's notices are attached at Exhibits 3 and 4).  The United States should be entitled to the same discovery already obtained by Plaintiffs.

### B. FLORIDA STATE LAW THERAPIST/PATIENT PRIVILEGES DO NOT APPLY IN FTCA CASES.

State law therapist/patient privileges do not apply to this action because it was brought under the FTCA and not state law.  *Spakes v. Broward County Sheriff's Office*, Case No. 06-61471-CIV-MARRA/JOHNSON, 2007 WL 9653285, at *1 (S.D. Fla. Aug. 8, 2007) (holding that the therapist/patient privilege set forth in Fla. Stat. § 394.4615 did not apply in an FTCA action and recognized the long-standing proposition that "[t]he physician-patient evidentiary privilege is unknown to the common law") (citing Fed. R. Evid. 501); *Whalen v. Roe*, 429 U.S. 589, 602 (1977)).

4

"A claim of privilege in federal court is resolved by federal common law, unless the action is a civil proceeding and the privilege is invoked "with respect to an element of a claim or defense as to which State law supplies the rule of decision. . . ." *Spakes*, 2007 WL 9653285 (citing Rule 501); *see also Hancock v. Hobbs*, 967 F.2d 462, 466 (11th Cir. 1992) (court stated that there was no psychiatrist-patient privilege in an action brought under 42 U.S.C. § 1983). In the absence of a privilege, the disclosure of medical records is "governed by issues of relevance and confidentiality commonly addressed in civil lawsuits . . . [in] Rule 26 . . . [and that] medical records fall within the scope of confidential documents under Fed.R.Civ.P. 26(c), which can be addressed through the entry of an appropriate protective order." *See Cutting v. United States*, Case No. 07-cv-02053-REB-MEH, 2008 WL 1775278, at *2 (Apr. 14, 2008 D. Col.).

Consequently, only Rule 26 governs whether the Henderson records should be produced, not the Florida statute cited by Henderson, arguing that they are exempt from disclosure. *See* Doc. 271 at 2-3, citing Fla. Stat. § 394.4615(1).[3] Moreover, because the Henderson records will be safeguarded by a protective order, any concerns regarding confidentiality or privacy should be abated, and therefore, the Court should deny the motion to quash and order production in full.

### C. ASSUMING THAT THE THERAPIST/PATIENT PRIVILEGE APPLIES, THERE IS GOOD CAUSE TO PRODUCE THE HENDERSON RECORDS.

Even if Fla. Stat. § 394.4615(1) were to apply to this action, the Henderson records should still be released for good cause. Pursuant to Fla. Stat. § 394.4615(2)(c), "[t]he clinical record shall be released when . . . [t]he court orders such release. In determining whether there is good cause for disclosure, the court shall weigh the need for the information to be disclosed

---

[3] Although Henderson also relies on 45 C.F.R. § 164.512, which prohibits the release of their records, Section 164.512(e)(1)(i), authorizes the disclosure of mental health records in a judicial proceeding pursuant to a court order.

5

against the possible harm of disclosure to the person to whom such information pertains." This is the same provision the state court relied upon to grant a motion to authorize the release of Cruz's mental health records brought by Henderson in the *Pollack* case, finding that there was "good cause" to do so because the "claims against Henderson in [that] action are predicated upon the mental health treatment allegedly provided to Cruz." *See* Doc. 271-2.

In providing additional support of its order authorizing the release of the Henderson records, the court in the *Pollack* case noted that the "victims of the shooting have requested these records so that they can determine whether a cause of action exists," "numerous reports regarding Cruz' alleged treatment by Henderson have already been published in the media and entered the public domain, thereby lessening the privacy interests with respect to these records", and that "according to counsel for Henderson, Cruz' criminal defense attorneys have reviewed Henderson's motion and the scope of this request and do not object to a release of the records pursuant to the terms of this Order."[4] *See* Doc. 271-2 at 2.

Likewise, here, the same good cause exists for the United States to receive the records that have already been disclosed. The United States has named Henderson as a responsible third party, asserting that it knew or should have known that Cruz posed a risk of harm to the students,

---

[4] The United States has sought the cooperation of the Public Defender who is defending Cruz in the criminal action regarding whether there was any opposition to the production of her client's records from Cruz's healthcare providers in this federal court civil litigation, including Henderson. (A copy of a letter, dated May 26, 2021, is attached at Exhibit 5.)

So far, the Public Defender has not responded to our request to discuss this matter other than to say that they are unable to acquire written authorization from Cruz due to COVID, and that his medical, educational and mental health records are privileged and confidential and they are not a position to turn them over to the Department of Justice. The Public Defender's position, however, is somewhat perplexing given their apparent concession that the Henderson records could be released in the State Court Civil Litigation. *See* Doc. 271-2 at 2.

teachers, and administrators at Marjory Stoneman Douglas High School because it treated Cruz for depression, which in turn contributed to causing his violent tendencies and behavior, and yet failed to warn them and otherwise keep them safe. *See United States' Answer, 20th Affirmative Defense*, (Doc. 236 at 44-45).

Additionally, the medical and mental health records of Nikolas Cruz regarding his treatment at Henderson are critical to determining the nature and extent of Cruz's mental capabilities and/or disabilities, whether others knew that Cruz was going to commit this horrendous act, and whether he was capable of being deterred. This information is highly relevant and critical to the United States' causation defense, and its claims that Henderson, or other responsible third parties, contributed to Plaintiffs' alleged damages.

Accordingly, because the plaintiffs in the State Court Civil Litigation, many of which are also Plaintiffs in this FTCA suit, have already obtained the Henderson records, and because the records are critical to the Government's claims and defenses, the United States has good cause for seeking these records.

## CONCLUSION

For the reasons stated, the United States respectfully requests that the Court enter an order denying the Henderson Motion to Quash the subpoena and enter an order for the production of the Henderson records in their entirety pursuant to the proposed protective order attached to this response.

//
//
//
//

Dated this 1st day of June 2021.

Respectfully submitted,

**BRIAN BOYNTON**
Acting Assistant Attorney General
Civil Division

**JUAN ANTONIO GONZALEZ**
Acting United States Attorney
South District of Florida

**CARLOS RAURELL**
Assistant United States Attorney
Florida Bar No. 529893

**STEPHEN E. HANDLER**
Senior Trial Counsel, Torts Branch

*/s/ Sarah E. Klein*
**SARAH E. KLEIN**
**PAUL DAVID STERN**
**DANIEL CHUNG**
**ASHLEY GARMAN**
Trial Attorneys, Torts Branch
Civil Division
P.O. Box 888
Washington, D.C. 20044-0888
sarah.e.haston@usdoj.gov
Tel/Fax: (202) 616-4233 / 5200

**Attorneys for Defendant**
**UNITED STATES OF AMERICA**

## CERTIFICATE OF SERVICE

On this date, June 1, 2021, I filed the foregoing United States' Response To *Non-Party Henderson Behavioral Health, Inc.'s Motion To Quash And Motion For Protective Order* with the Clerk of Court using the CM/ECF electronic system.

*/s/ Sarah E. Klein*
Sarah E. Klein
Trial Attorney, Torts Branch
Civil Division
Attorney for Defendant
UNITED STATES OF AMERICA
