UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED ACTION

Case No. 18-62758-CIV-DIMITROULEAS
(consolidated cases)

IN RE: MARJORY STONEMAN DOUGLAS
HIGH SCHOOL SHOOTING FTCA LITIGATION

_____/

**UNITED STATES' MOTION TO COMPEL DOCUMENTS LISTED IN
SUPPLEMENTAL DISCLOSURE 8 FILED BY THE STATE OF FLORIDA
IN *STATE V. PETERSON***

## INTRODUCTION

Defendant United States of America moves this Court to compel the State of Florida ("State") to produce the documents listed in Supplemental Discovery 8 ("SD-8"), which refers to the State's eighth supplemental discovery filing in *State v. Peterson*, Case no. 19-7166CF10A, 17th Judicial Circuit, Broward County, Florida. Defendant United States sought the SD-8 records via a subpoena served on the Broward County State Attorney's Office on April 21, 2021. (Copies of the subpoena and attachment to the subpoena are attached at Exhibits 1 and 2.) The SD-8 records consist of 283 depositions, witness statements, and reports, totaling 15,023 pages that pertain to the school shooting at Marjory Stoneman Douglas High School on February 14, 2018 (the "Parkland Shooting").

The determinations of whether these records should be produced and how they should be safeguarded have been fully litigated in the consolidated state court civil litigation arising out of the Parkland Shooting. *See In Re: Marjory Stoneman Douglas High School Cases,* Case No. CACE19080000 (26), 17th Judicial Circuit, Broward County, Florida (the "State Court Civil Litigation").[1] The SD-8 records have been produced in their entirety by the State, by and through the Broward County State Attorney's Office, to the plaintiffs in State Court Civil Litigation (many of whom are also Plaintiffs in this FTCA action)[2] pursuant to a protective order. As the Plaintiffs were able to obtain these records in the State Court Civil Litigation, the United States likewise should be entitled to the same discovery. Accordingly, the United States

---

[1] *See Liability Phase Case Management Order*, *In Re: Marjory Stoneman Douglas Cases*, CACE 19-80000 (26), 17th Judicial Circuit, Broward County, Florida, dated 07/02/2019. (A copy of the Liability Phase Case Management Order is attached at Exhibit 3.)

[2] *Compare* Exhibit 3 with *Order Granting Joint Motion to Consolidate For Pretrial Proceedings*, Doc. 55, and *Order Consolidating Cases for Pretrial Proceedings*, Doc. 257.

respectfully requests that the Court grant the motion and enter the attached proposed protective order, which has already been approved by counsel representing the United States, the Plaintiffs, and the State.

While the State has objected to the production of the un-redacted SD-8 records in their entirety, it has expressed a willingness to produce the records if this Court enters an order compelling production and a protective order that safeguards these records to the same extent they are being protected in the State Court Civil Litigation.[3]  Plaintiffs do not oppose this motion.

## ARGUMENT

I. **THE UNITED STATES IS ENTITLED TO DISCOVER RECORDS THAT ARE RELEVANT TO THIS LITIGATION.**

The SD-8 records should be produced to the United States because they are relevant; have already been obtained by Plaintiffs through other civil litigation; and any confidential records will be safeguarded by a protective order.  Moreover, even though state therapist/patient privilege law does not apply in FTCA cases, the United States has shown that there is good cause for producing the records that either discuss or pertain to the mental health records of Nikolas Cruz.

---

[3]  The State Attorney's Office has informed counsel for the United States that to avoid rearguing the issues already litigated in the State Court Civil Litigation, the State has no objection to releasing all of the SD-8 records to the United States under the attached proposed protective order.  However, the State cannot agree to the release of the deposition transcripts of the thirteen employees of Henderson Behavioral Health, Inc. that pertain to the mental health treatment of Cruz, which are also part of the SD-8 records, due to an order issued in *State v. Nikolas Cruz* (18-1958CF10A) prohibiting dissemination.  (A copy of the Cruz Order is attached at Exhibit 4.)  After review of the United States' arguments in the instant motion and the attachment thereto, the State has represented that it has no objection to this Court basing its order on whether the State must release these thirteen depositions on the arguments presented to, and the decisions and orders issued by in the State Court Civil Litigation.  *See* Exhibit 7.

2

### A. THE SD-8 RECORDS CONTAIN INFORMATION RELEVANT TO THE UNITED STATES' CLAIMS AND DEFENSES AND PROPORTIONAL TO THE NEEDS OF THE CASE.

Courts treat the scope of discovery under a Rule 45 subpoena the same as the scope of discovery under Rule 26. *See e.g., Am. Fed'n of State, Cnty. & Mun. Employees (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 476 (S.D. Fla. 2011) (citations omitted). Federal Rule of Civil Procedure 26 provides, in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The SD-8 records comprise the State's eighth discovery production in the State's criminal case against School Resource Officer Scot Peterson arising out of his conduct during the Parkland Shooting. The United States has designated Scot Peterson as a responsible third party in this action based on the same facts underlying the State's criminal case against him. *See United States' 24th Affirmative Defense*, Answer (ECF No. 236 at 47-48).

The SD-8 records consist of "approximately two hundred eighty-three depositions, witness statements, and reports totaling fifteen thousand twenty-three (15,023) pages." *See State Attorney's Notice of Objection to Subpoena for Production of Documents by a Non-Party and Motion to Quash Subpoena Duces Tecum and/or for Protective Order*, *In Re: Marjory Stoneman Cases*, Case No. 19-80000 (26), 17th Judicial Circuit, Broward County, Florida, Filing # 114014612 (9/25/2020), at 2, fn.1, referencing Exhibit A (State's Supplemental Discovery

3

(SD-8)). (A copy of the State's motion is attached at Exhibit 5.) The SD-8 list itself demonstrates that the depositions and statements were taken from numerous law enforcement personnel, including officers from the Broward County Sheriff's Office, medical examiners, crime scene investigators, the two individuals who submitted tips to the FBI regarding Cruz, as well as Nikolas Cruz's brother, James Snead (an adult Nikolas Cruz was living with at the time of the shooting) and, upon information and belief, many other witnesses from or associated with Marjory Stoneman Douglas High School, and other individuals who knew Cruz. Furthermore, thirteen depositions were taken of employees of Henderson Behavioral Health ("Henderson"), the facility where Cruz allegedly received mental healthcare treatment before the shooting, and their testimony was purportedly based upon this treatment. *See Non-Party State Attorney's Office Notice to Court and Parties*, *In Re: Marjory Stoneman Cases*, Case No. 19-8000 (26), 17th Judicial Circuit, Broward County, Florida, Filing # 116285118 (11/06/2020), Exhibit A entitled *SD-8 Mental Health/Medical Records Privilege Log*. (A copy of the State's notice is attached at Exhibit 6).

There is no dispute that the SD-8 records are replete with information regarding the Parkland Shooting. This information will likely inform liability and causation elements of this case. Moreover, many of the SD-8 records relate to, or are statements directly from, individuals or entities which the United States designated as responsible third parties in this action. *See United States' 18th, 19th, 20th, 23rd, 24th & 25th Affirmative Defenses*, Answer (ECF No. 236) (designating Broward County Sheriff's Office, the School Board of Broward County, Henderson, James & Kimberly Snead, School Resource Officer Scot Peterson, and Campus Monitor Andrew Medina, as responsible third parties). Accordingly, the SD-8 records likely contain information relevant to the issues of liability, causation, and damages and, therefore, should be produced.

## B. THE UNITED STATES WOULD BE UNDULY PREJUDICED IF IT WERE UNABLE TO OBTAIN THE SD-8 RECORDS.

Because Plaintiffs have already obtained the SD-8 records in the State Court Civil Litigation, it would be patently unfair and highly prejudicial to deny the United States access to the same material. *See Gayle v. Meade*, Case No. 20-21553-COOKE/GOODMAN, 2021 WL 1397128 (S.D. Fla. Apr. 7, 2021) (in report and recommendation, court found it would be "unduly prejudicial to deny plaintiffs the ability to obtain discovery" that may support their claims), *adopted*, *Gayle v. Meade*, 2021 WL 1377872 (S.D. Fla. Apr. 11, 2021).

On September 11 and 15, 2020, the state court plaintiffs in the *In Re: Marjory Stoneman Douglas Cases* served subpoenas on the State Attorney's Office for the production of the SD-8 records. *See* Exhibit 5 at 3. On September 25, 2020, the State filed an objection to the subpoenas and sought either to quash them or for a protective order, arguing that the "Plaintiffs are not entitled to an un-redacted copy of State's Supplemental Discovery (SD-8)" because the Scot Peterson criminal case was still pending. *Id.* However, because these records have been made available to defendant Peterson, the State conceded that the "Plaintiffs are entitled to a **redacted** copy of all records sent in the State's discovery submission." *Id.* (emphasis in original). The State further argued, however, that although these records may "no longer [be] considered . . . exempt criminal investigative or criminal intelligence information," certain records may still be protected from disclosure if "**some other exemption applies**." *Id.* at 4 (citations omitted, emphasis in original). Accordingly, the State argued, *inter alia*, that certain records (i.e., mental health records) are exempt and confidential pursuant to F.S. § 394.4615(1) and F.S. § 456.057(9)(a), and that the "records disclose information that could be used to locate or harass the victims or the victims' families, or which could disclose confidential or privileged

5

information of the victims in contradiction of F.S. § 119.071(2)(o) and Article 1, section 16 of the Florida Constitution." *Id.*

On October 17, 2020, the state court entered an order granting in part and denying in part the State's motion. *See Order on State Attorney's Notice of Objection to Subpoena for Production of Documents by a Non-Party and Motion to Quash Subpoena Duces Tecum and/or for Protective Order*, In Re: Marjory Stoneman Cases, Case No. 19-8000 (26), 17th Judicial Circuit, Broward County, Filing # 115144680 (10/17/2020). (A copy of the Order is attached at Exhibit 7.) The court ordered a limited production of SD-8.[4]

On November 6, 2020, the State filed a notice, stating that it complied with the court's October 17 Order by producing "all of the SD-8 Records not being withheld" and that "[e]very page of the produced documentation contained a 'BROWARD SAO CONFIDENTIAL' watermark." *See* Exhibit 6. However, thirteen depositions were withheld as being protected mental health records. *See id.* at Exhibit A (entitled *SD-8 Mental Health/Medical Records Privilege Log*).

Prior to December 22, 2020, counsel for the state court plaintiffs and the State met and conferred regarding the withheld depositions but were unable to resolve the dispute as to production and brought the matter to the court's attention. *See Second Order on State Attorney's Notice of Objection to Subpoena for Production of Documents by a Non-Party and Motion to Quash Subpoena Duces Tecum and/or for Protective Order*, In Re: Marjory Stoneman Cases, Case No. 19080000 (26), Filing # 118613853 (12/22/2020) (A copy of the second Order is attached at Exhibit 8.) At the hearing, the State argued that it would violate orders issued by

---

[4] The order set forth restrictions regarding the access and handling of the records. *See* Exhibit 7, ¶¶ 6-11.

6

Judge Elizabeth Scherer in *State v. Cruz*, Case No. 18-1958CF10A, 17th Judicial Circuit, Broward County, Florida, if it produced the thirteen depositions in the absence of a "further order from this Court." Exhibit 8 at 2; *see* Exhibit 4. The state court plaintiffs argued that these depositions "were crucial and important depositions of Henderson employees . . . [and] . . . needed in order for Plaintiffs to proceed with their trial preparations, and thus, there was good cause for their disclosure to the litigants in this civil case." *Id*. The state court ordered the production of these depositions and that they should be marked "Broward SAO Confidential" and be governed by the terms of the protective order entered on October 17, 2020. *Id.* at 2-3.

On January 4, 2021, the State filed a notice, stating that it complied with the court's December 22 Order by producing "the remaining SD-8 Records to Plaintiff's attorney," which were the thirteen depositions previously withheld, and that "[e]very page of the produced documentation contained a 'BROWARD SAO CONFIDENTIAL' watermark." *See Non-Party State Attorney's Office Second Notice to Court and Parties*, *In Re: Marjory Stoneman Cases*, Case No. 19-8000 (26), 17th Judicial Circuit, Broward County, Florida, Filing # 119029857 (1/04/2021). (A copy of the State's second notice is attached at Exhibit 9.)

Because these records have already been produced to plaintiffs in the State Court Civil Litigation, and will be protected in this FTCA action in virtually the same manner as they are being safeguarded in the State Court Civil Litigation, the Court should grant the motion pursuant to the proposed protective order, which has been approved by the United States, the Plaintiffs, and the State. (A copy of the proposed protective order is attached at Exhibit 10.)[5]

---

[5] The proposed protective order is modeled on the substantive provisions set forth in Exhibit 7 (the order entered in the State Court Civil Litigation on 10/17/2020) with the exception of paragraphs 3-5, 9-12, and 14, which borrow the language from the *Stipulated Protective Order Regarding Protected Material*, entered in the FTCA action, Doc. 52.

### C. FLORIDA STATE LAW THERAPIST/PATIENT PRIVILEGES DO NOT APPLY IN FTCA CASES.

State law therapist/patient privileges do not apply to this action because it was brought under the FTCA and not state law. *Spakes v. Broward County Sheriff's Office*, Case No. 06-61471-CIV-MARRA/JOHNSON, 2007 WL 9653285, at *1 (S.D. Fla. Aug. 8, 2007) (in holding that the therapist/patient privilege set forth in F.S. § 394.4615 did not apply in an FTCA action, the court recognized the long-standing proposition that "[t]he physician-patient evidentiary privilege is unknown to the common law," citing Fed. R. Evid. 501; *Whalen v. Roe*, 429 U.S. 589, 602 (1977)).

"A claim of privilege in federal court is resolved by federal common law, unless the action is a civil proceeding and the privilege is invoked "with respect to an element of a claim or defense as to which State law supplies the rule of decision. . . ." *Spakes*, 2007 WL 9653285 (citing Rule 501); *see also Hancock v. Hobbs*, 967 F.2d 462, 466 (11th Cir. 1992) (court stated that there was no psychiatrist-patient privilege in an action brought under 42 U.S.C. § 1983). In the absence of a privilege, the disclosure of medical records is "governed by issues of relevance and confidentiality commonly addressed in civil lawsuits . . . [in] Rule 26 . . . [and] medical records fall within the scope of confidential documents under Fed.R.Civ.P. 26(c), which can be addressed through the entry of an appropriate protective order." *See Cutting v. United States*, Case No. 07-cv-02053-REB-MEH, 2008 WL 1775278, at *2 (Apr. 14, 2008 D. Col.).

Consequently, only Rule 26 governs whether the thirteen depositions should be produced, not the Florida statutes cited by the State in the *Peterson* case, arguing that they are exempt from disclosure under F.S. § 119.071. *See* Exhibit 4 at 4, citing F.S. § 119.071(2)(o) (addresses of victims of mass shootings); F.S. § 394.4615(1) (clinical records); F.S. § 456.057(9)(a) (patient records).

8

### D. ASSUMING THAT THE THERAPIST/PATIENT PRIVILEGE APPLIES, THERE IS GOOD CAUSE TO PRODUCE THE DEPOSITIONS.

Even if F.S. § 394.4615(1) were to apply to this action, the records should still be released for good cause. Pursuant to F.S. § 394.4615(2(c), "[t]he clinical record shall be released when . . . [t]he court orders such release. In determining whether there is good cause for disclosure, the court shall weigh the need for the information to be disclosed against the possible harm of disclosure to the person to whom such information pertains." This is the same provision the state court relied upon to grant a motion brought by Henderson in one of the cases underlying the State Court Civil Litigation. There, the state court authorized the release of Cruz's mental health records, finding that there was "good cause" to do so because the "claims against Henderson in [that] action are predicated upon the mental health treatment allegedly provided to Cruz." *See Order on Henderson Behavioral Health's Motion to Authorize Release of Nikolas Cruz' Mental Health Records*, *Pollack, et al. v. Cruz, et al.*, Case No. CACE-19-009607-(26), 17th Judicial Circuit, Broward County, (08/23/2018), at 2-3. (A copy of the Henderson Order is attached at Exhibit 11.)

Likewise, here, to the extent that the state court plaintiffs had good cause for seeking these records, the same good cause exists for the United States to obtain the depositions of witnesses whose testimony is based upon records that have already been disclosed. The United States has named Henderson as a responsible third party, alleging that it knew or should have known that Cruz posed a risk of harm to the students, teachers, and administrators at Marjory Stoneman Douglas High School. This allegation is based upon treatment provided by Henderson to Cruz for depression, which in turn contributed to causing his violent tendencies and behavior, and yet Henderson failed to warn them and otherwise keep them safe. *See* Answer, Doc. 236, at 44-45 (Twentieth Defense).

9

In providing additional support of its order, the *Pollack* court noted that the "victims of the shooting have requested these records so that they can determine whether a cause of action exists," "numerous reports regarding Cruz' alleged treatment by Henderson have already been published in the media and entered the public domain, thereby lessening the privacy interests with respect to these records", and that "according to counsel for Henderson, Cruz' criminal defense attorneys have reviewed Henderson's motion and the scope of this request and do not object to a release of the records pursuant to the terms of this Order." Exhibit 11 at 2-3.

Here, it is apparent that the thirteen Henderson employees provided sworn testimony based upon the mental health records of Nikolas Cruz were either involved in his treatment or were knowledgeable about said treatment at Henderson. Such information is likely crucial to determine the nature and extent of Cruz's mental capabilities and/or disabilities, whether he made threats and, if so, to whom, and whether he made plans to carry out an attack upon the high school. All of this information will impact the viability of the United States' defense that Henderson, Cruz, or other responsible third parties in some manner caused the Plaintiffs' damages.

## CONCLUSION

For the reasons stated, the United States respectfully requests that the Court enter an order compelling the production of the SD-8 records in their entirety pursuant to the proposed protective order attached to this motion.

//

//

//

//

## CERTIFICATE OF CONFERRING

Pursuant to Local Rule 7.1(a)(3), counsel for the United States certifies that it has conferred with counsel for the Plaintiffs and the State, and has made reasonable efforts to confer with the Public Defender's Office who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so. (A copy of the letter to the Public Defender, dated May 26, 2021, is attached at Exhibit 12.)

Dated this 2nd day of June 2021.

Respectfully submitted,

**BRIAN BOYNTON**
Acting Assistant Attorney General
Civil Division

**JUAN ANTONIO GONZALEZ**
Acting United States Attorney
South District of Florida

**CARLOS RAURELL**
Assistant United States Attorney
Florida Bar No. 529893

**STEPHEN E. HANDLER**
Senior Trial Counsel, Torts Branch

*/s/ Sarah E. Klein*
**SARAH E. KLEIN**
**PAUL DAVID STERN**
**DANIEL CHUNG**
**ASHLEY GARMAN**
Trial Attorneys, Torts Branch
Civil Division
P.O. Box 888
Washington, D.C. 20044-0888
Sarah.e.haston@usdoj.gov
Tel/Fax: (202) 616-4233 / 5200

**Attorneys for Defendant**
**UNITED STATES OF AMERICA**

## CERTIFICATE OF SERVICE

On this date, June 2, 2021, I filed the foregoing *United States' Motion And Supporting Memorandum To Compel Documents Listed In Supplemental Disclosure 8 Filed By The State Of Florida In State v. Peterson* with the Clerk of Court using the CM/ECF electronic system.

/s Sarah E. Klein
**SARAH E. KLEIN**
Trial Attorney, Torts Branch
Civil Division
Attorney for Defendant
**UNITED STATES OF AMERICA**