**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-62758-CIV-DIMITROULEAS
(Consolidated Cases)

IN RE: MARJORY STONEMAN DOUGLAS
HIGH SCHOOL SHOOTING FTCA LITIGATION

_____/

**THIS FILING PERTAINS ONLY TO CASE NOS.:** [1]

**20-62471-CIV-DIMITROULEAS (*Weber v. United States*)**
**20-62473-CIV-DIMITROULEAS (*Henderson v. United States*)**
**20-62476-CIV-DIMITROULEAS (*King v. United States*)**
**20-62485-CIV-DIMITROULEAS (*Williams v. United States*)**
**20-62486-CIV-DIMITROULEAS (*Stout v. United States*)**
**20-62487-CIV-DIMITROULEAS (*Korr v. United States*)**
**20-62497-CIV-DIMITROULEAS (*Timpone v. United States*)**
**20-62508-CIV-DIMITROULEAS (*Perkovich v. United States*)**
**20-62513-CIV-DIMITROULEAS (*Garcia v. United States*)**
**20-62516-CIV-DIMITROULEAS (*Burgin v. United States*)**

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, United States of America (the "government" or the "United States"), moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 in the ten actions identified above. For the purpose of this Motion, the Plaintiffs in these ten actions are referred to collectively as the "Subject Plaintiffs."[2]  In support of this Motion, the government has separately filed a Statement of Material Facts[3] and submits the following memorandum of law.

---

[1] *See* DE 266.

[2] Counsel for the Subject Plaintiffs confirmed in a May 10, 2021 correspondence that, in the cases that were brought by parents on behalf of their minor children, the only parties in interest advancing claims are the children/students, all of whom have now reached the age of majority. The parents, although still technically plaintiffs in some of the above-referenced cases, do not have independent claims of their own.

[3] The government has sought leave of Court to file the Statement of Material Facts under seal, given the sensitive nature of its contents and exhibits.

## Introduction

The Subject Plaintiffs in these consolidated actions seek recovery for negligent infliction of distress for emotional injuries they allegedly sustained as a result of being present at Marjorie Stoneman Douglas High School (MSD) at the time of the shooting on February 14, 2018. These plaintiffs were not physically injured by the gunman, Nikolas Cruz, but instead seek to recover damages for post-traumatic stress disorder and other emotional conditions they allegedly have experienced since the shooting. Florida law, however, prohibits a plaintiff's recovery for emotional damages in cases where the plaintiff was not physically impacted during the event in question, or did not suffer a significant discernible physical injury or illness due to psychological trauma resulting from a negligent injury imposed upon a close family member within the plaintiff's sensory perception.

None of the Subject Plaintiffs meet these requirements. None of the Subject Plaintiffs sustained a physical impact in the course of the school shooting. None of them witnessed the injury or death of a person with whom they had a close personal relationship. And none of the Subject Plaintiffs' alleged emotional symptoms have manifested themselves in a significant physical way as contemplated under Florida law. Accordingly, the Subject Plaintiffs cannot recover for their emotional injuries and the United States is entitled to judgment in its favor.

## Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In making this assessment, the Court "view[s] all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir.1997), and "resolve[s] all reasonable doubts about the facts in favor of the non movant." *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.*, 894 F.2d 1555, 1558 (11th Cir.1990).

"By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). As to materiality, the

substantive law will identify which facts are material, and only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Id*. at 248, 106 S.Ct. 2505. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. Likewise, a dispute about a material fact is a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

"For factual issues to be considered genuine, they must have a real basis in the record ... mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir.2005) (citations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548. In such cases, there is no genuine issue of material fact "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323, 106 S.Ct. 2548.

Application of the Florida impact rule to preclude a plaintiff's recovery is appropriate at the summary judgment stage. *See e.g. Pipino v. Delta Airlines*, 196 F. Supp. 3d 1306 (S.D. Fla. 2016) (Marra, J.) (granting summary judgment in defendant's favor after finding Florida impact rule barred plaintiff's negligence claims).

## Argument

The Subject Plaintiffs' negligence claims against the government are prohibited by Florida's impact rule. The impact rule provides that "before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact. The rule requires some impact on the plaintiff, or, in certain situations, the manifestation of severe emotional distress such as physical injuries or illness." *Fla. Dep't of Corrs. v. Abril*, 969 So. 2d 201, 206 (Fla. 2007) (citations and internal quotation marks omitted). The rule exists because "compensatory damages for emotional

distress are 'spiritually intangible,' are beyond the limits of judicial action, and should be dealt with through legislative action rather than judicial decisions." *R.J. v. Humana of Fla., Inc.*, 652 So. 2d 360, 362 (Fla. 1995) (quoting *International Ocean Telegraph Co. v. Saunders*, 14 So. 148, 152 (1893)). The rule's purpose is to ensure a tangible validity of claims for emotional or psychological harm and to protect Florida courts from being inundated with litigation based solely on psychological injury. *Rowell v. Holt*, 850 So. 2d 474, 478 (Fla. 2003).

The Florida Supreme Court has acknowledged that, "for a plaintiff to have endured an 'impact' or contact sufficient to render an action sustainable, the 'plaintiff may meet rather slight requirements.'" *Willis v. Gami Golden Glades*, LLC, 967 So. 2d 846, 850 (Fla. 2007) (quoting *Zell v. Meek*, 665 So. 2d 1048, 1050 n. 1 (Fla. 1995)). The essence of an impact is that an "outside force or substance . . . touch[es] or enter[s] into the plaintiff's body." *Id*. (quoting *Eagle–Picher Industries, Inc. v. Cox*, 481 So. 2d 517, 527 (Fla. Dist. Ct. App. 1985)). Even under such a permissive standard, however, none of the Subject Plaintiffs experienced an "impact" as required to avoid application of Florida's impact rule.

Fortunately, none of the Subject Plaintiffs were shot or otherwise physically impacted during the shooting. In fact, most of the Subject Plaintiffs did not see the gunman, and some were not in the same campus building (Building 12) where the shooting took place. While it is true that some of the Subject Plaintiffs sheltered in place, inside of classrooms, or fled the school for their safety, such evasive measures do not qualify under applicable case law as an "outside force or substance" that touched or entered the Subject Plaintiffs' bodies. *See e.g. Sguros v. Biscayne Recreation Dev. Co*., 528 So. 2d 376, 379 (Fla. Dist. Ct. App. 1987) (fear for one's own safety induced by another's negligent conduct is not actionable).

In the absence of such an impact, a plaintiff may only recover emotional damages if the plaintiff suffered a "significant discernible physical injury" due to "psychological trauma resulting from a negligent injury imposed upon a close family member" within the plaintiff's sensory perception. *Champion v. Gray*, 478 So. 2d 17, 18 (Fla. 1985), *receded from in part on other grounds, Zell v. Meek*, 665 So. 2d 1048, 1053–54 (Fla. 1995). Not only must the plaintiff have a familial relationship with the injured or deceased person, but the familial relationship must include an especially close emotional attachment. *Id.*, at 20. In such instances, the requirement of an impact is "relaxe[d] . . . to allow the impact to be sustained by a third party rather than the plaintiff." *Pipino*, 196 F. Supp. 3d at 1317 n.23.

The Subject Plaintiffs in this case cannot recover for their alleged emotional damages in this case because none of them was related by blood or marriage to any of the individuals killed or injured in the shooting. As such, none had a familial relationship with the injured or deceased, much less one that was especially close, as required by *Champion*. None of the Subject Plaintiffs has alleged or provided any proof of a relationship beyond that of acquaintance or friend of the injured and deceased. In fact, many described the injured or deceased individuals as mere acquaintances or classmates and, in some cases, the Subject Plaintiffs did not know any of the victims at all.

Although there is no hard and fast rule defining the nature of a sufficiently close familial relationship for purposes of the impact rule, the undisputed facts here do not demonstrate the existence of such a relationship. *See Reynolds v. State Farm Mut. Auto. Ins. Co.*, 611 So. 2d 1294, 1297 (Fla. Dist. Ct. App. 1992) (interpreting *Champion* as requiring a familial relationship and an especially close attachment before the plaintiff can recover damages for psychic trauma resulting from the negligent injury of that person by another); *Feretti v. Webber*, 513 So. 2d 1333, 1333 (Fla. Dist. Ct. App. 1987) (affirming trial court's dismissal of an action for emotional distress when the plaintiff was the live-in partner of the directly injured victim because no legal relationship existed between the parties); *Geidel v. City of Bradenton Beach*, 56 F. Supp. 2d 1359, 1363 (M.D. Fla. 1999) (same, with respect to a girlfriend); *Lewis v. Middlesex Corp.*, 605CV1729ORL18KRS, 2006 WL 8439385, at *4 (M.D. Fla. Oct. 11, 2006) (same, with respect to a cousin, and noting that, under Florida law, the relationship must rise to the level of parent-child or spousal). The Subject Plaintiffs' fellow classmates—with whom none shared any kind of out-of-school or otherwise close relationship—cannot meet this threshold. [4]

---

[4] Plaintiffs may rely upon *Watters v. Walgreen Co.*, 967 So. 2d 930 (Fla. Dist. Ct. App. 2007) for the suggestion that the relationship at issue need not be familial in nature and should, instead, be considered on a case-by-case basis. The plaintiffs in *Watters* were the stepchildren of the decedent. Relying on the *Ferretti* and *Reynolds* decisions cited above, the trial court in *Watters* had entered summary judgment against the plaintiffs on the sole basis that they lacked a blood or adoptive relationship with their stepfather, as required by *Champion*. The First District Court of Appeal disagreed with the interpretations of *Champion* employed by the Third and Fourth District Courts in *Ferretti* and *Reynolds*, to the extent that those Districts required a formal "legal relationship" as an element of the exception to the impact rule. Although the First DCA held that the familial relationship required by *Champion* need not be a blood or legal relationship, and it remanded the case for a determination whether the familial relationship between the stepchildren plaintiffs and their stepfather was sufficiently close, the court did not do away with the requirement of a familial, rather than social, relationship.

But even if any of the Subject Plaintiffs could establish a sufficiently close familial relationship with an individual who was killed or injured during the shooting, none of the Subject Plaintiffs suffered a physical injury or illness as a result of their emotional distress, as *Champion* requires. While many of the Subject Plaintiffs allege or testified that they have experienced headaches, sleep disturbances, sweating, changes in body weight, changes in eating habits, and/or increased use of alcohol or drugs as a result of the shooting, such symptoms do not qualify as a "significant discernible physical injury." *See Godelia v. Doe 1*, 881 F.3d 1309, 1323 (11th Cir. 2018) ("[G]eneralized allegations of muscle and stomach pain" are insufficient to state a claim in light of Florida's impact rule); *Pipino*, 196 F. Supp. 3d at 1318 (holding that the plaintiff's panic attacks, which included hyperventilation and elevated blood pressure, were emotional disturbances rather than a physical injury or illness as contemplated by the Florida Supreme Court in *Champion*); *Elliott v. Elliott*, 58 So.3d 878, 882 (Fla. Dist. Ct. App. 2011) ("Here, the ailments complained of are headaches, diabetes, sleep apnea, stress, insomnia, anxiety, loss of appetite, hair loss, and bowel trouble, which are not the sort of the discernable physical injuries discussed in *Champion* and *Zell*.").

Finally, the Subject Plaintiffs' claims in this case do not satisfy any of the exceptions for which the impact rule is inapplicable. For example, the Florida Supreme Court has held that the "impact doctrine should not be applied where emotional damages are an additional 'parasitic' consequence of conduct that itself is a freestanding tort apart from any emotional injury," like wrongful birth. *Kush v. Lloyd*, 616 So. 2d 415, 422 (Fla. 1992) (citing W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 54, at 361–65 (5th ed.1984) and Restatement (Second) of Torts § 47 & § 47 cmt. b (1965)). Plaintiffs here have alleged no such "freestanding tort" on the part of the government.

The Florida Supreme Court has also held the impact rule inapplicable to torts "in which damages often are predominately emotional, such as defamation or invasion of privacy." *Id*. (citing Restatement (Second) of Torts §§ 569, 570, 652H cmt. b (1977); *Miami Herald Publishing Co. v. Brown*, 66 So. 2d 679, 681 (Fla. 1953); and *Cason v. Baskin*, 155 Fla. 198, 20 So. 2d 243 (1944)). Again, Plaintiffs have neither alleged nor adduced any evidence that the government engaged in tortious conduct for which the foreseeable damages are predominately emotional.

## Conclusion

The undisputed material facts show that Florida's impact rule bars the Subject Plaintiff's claims for negligent infliction of emotional distress and that the government is entitled to judgment as a matter of law. Accordingly, the government respectfully requests that judgment be entered in its favor.

Respectfully submitted,

**JUAN ANTONIO GONZALEZ**
**UNITED STATES ATTORNEY**

By:     *Carlos J. Raurell*
        ASSISTANT U.S. ATTORNEY
        Florida Bar No. 529893
        E-mail: Carlos.Raurell@usdoj.gov
        United States Attorney's Office
        99 N.E. 4th Street, Suite 300
        Miami, Florida 33132
        Tel. No. (305) 961-9243

        *Zakarij N. Laux*
        ASSISTANT U.S. ATTORNEY
        Florida Bar No. 93784
        E-mail: Zakarij.Laux@usdoj.gov
        United States Attorney's Office
        99 N.E. 4th Street, Suite 300
        Miami, Florida 33132
        Tel. No. (305) 961-9053

        *Counsel for United States of America*