UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62758--CIV-DIMITROULEAS/VALLE

CONSOLIDATED ACTION

IN RE: MARJORY STONEMAN DOUGLAS
HIGH SCHOOL SHOOTING FTCA LITIGATION

_____/

THIS FILING PERTAINS ONLY TO CASE NOS.:

20-60306-CIV-DIMITROULEAS (*Fuentes v. United States*)
20-60307-CIV-DIMITROULEAS (*Laman v. United States*)
20-60310-CIV-DIMITROULEAS (*Grady v. United States*)

**DEFENDANT UNITED STATES' MOTION TO COMPEL EXPERT REPORTS AND AVAILABILTIY FOR DEPOSITIONS**

Defendant, United States of America, by and through the undersigned Assistant United States Attorney, respectfully files this motion to compel the production of expert reports and availability for depositions regarding the Rule 26(a)(2)(C) Disclosure of Expert Testimony filed by Plaintiffs Laman, Grady and Fuentes, which is being filed in an abundance of caution as although a settlement in principle has been reached, not all deadlines have been stayed, including the deadline under the Local Rules for raising discovery objections, and states as follows:

**I.     BACKGROUND**

On November 2, 2021, Plaintiffs Kyle Laman, Samantha Grady, and Samantha Fuentes, who are all represented by the same counsel, provided Rule 26(a)(2)(C) Disclosures of Expert Testimony to Defendant's counsel.[1] *See* Exhibits 1, 2, & 3 respectively (the exhibits to this Motion are separately filed under seal, as they include confidential medical information pertaining to the

---

[1] Plaintiffs also provided expert disclosures under Fed.R.Civ.P. 26(a)(2)(B) for non-treating doctors and therapists which are not the subject of this motion as expert reports were provided. Ex. 1, 2, & 3.

1

subject Plaintiffs). These disclosures failed to comply with Rule 26(a)(2)(C) for multiple reasons. As discussed below, Rule 26(a)(2)(C)(ii) at the barest minimum requires "a summary of the facts and opinions to which the witness is expected to testify." Fed.R.Civ.P. 26(a)(2)(C)(ii). The above Plaintiffs' Expert Witness Disclosures do not even meet this minimum standard for notice under the Rule. Furthermore, Plaintiffs' counsel has refused to make the expert witnesses so disclosed available for deposition which prevents further inquiry of the expert opinions to be offered.

The disclosures provide notice that the treating physicians listed thereon will be providing expert opinions on prognosis, without any information as to what the substance of those opinions are, or the evidence upon which those opinions are based. Ex. 1, 2 & 3. Also, Plaintiffs' counsel has refused to make these witnesses disclosed under Rule 26(a)(2)(C) available for deposition by arguing that the discovery cutoff of September 27, 2021 is applicable to expert testimony of previously disclosed treating physicians, even though the expert disclosures occurred <u>after</u> the general discovery cutoff. It should be noted that Plaintiffs' counsel herself set depositions of some of these "expert" treating physicians, without objection from the Defendant, presumably for the purpose of taking expert discovery, for dates occurring after the close of non-expert discovery.

## **KYLE LAMAN**

For instance, pertaining to Kyle Laman (hereafter "Laman"), on November 2, 2021, Plaintiff provided notice of five treating physicians or therapists who will be providing expert testimony at trial. (Ex. 1, pp. 3-5). The second physician listed is Dr. Christopher J. Low, who had previously been disclosed only as a treating physician, but not as an expert witness. Plaintiff provides notice that "Dr. Low is anticipated to testify regarding Mr. Laman's future prognosis" without providing any information as to what Dr. Low's opinion actually is as to Laman's future prognosis or what evidence said opinion is based.  Through discovery of treatment records, the

Defendant is aware that Dr. Low was the surgeon who performed surgery on Kyle Laman's gunshot wound to his right ankle and has not treated him for several years. However, until the Expert Disclosure was provided, Defendant was unaware that Dr. Low would be providing expert opinions at trial. Without any report or description of Dr. Low's opinions as to Laman's future prognosis or the evidentiary basis upon which such opinions rest, Plaintiff has decidedly put Defendant at a disadvantage in terms of trial preparation or the ability to get an opposing expert witness to review said opinion and, if appropriate, prepare to offer rebuttal testimony at trial. Further, Plaintiff's counsel has refused to make Dr. Low available for a deposition as the discovery period had closed and Dr. Low had previously been noticed as a treating physician. Previously, Plaintiffs' counsel herself set the deposition of Dr. Low in the Laman case for November 1, 2021, without objection from Defendant's counsel. Ex. 4. She then cancelled the deposition on October 29, 2021. Ex. 5.

As the Court is aware, the general discovery cutoff in this case was September 27, 2021. However, as the Court's scheduling order was silent as to expert discovery, and absent a stipulation of the parties regarding expert disclosures, Fed.R.Civ.P. 26(a)(2)(D) is operative. Rule 26(a)(2)(D) provides that disclosure of expert testimony must be made at least 90 days before the date set for trial. Both the Plaintiffs and the Defendant made their expert disclosures under the provisions of Rule 26(a)(2)(D) on November 2, 2021.

Further, Plaintiff's counsel set the deposition of another treating physician Dr. Neil Strauss on October 25, 2021, again a date after the close of general discovery, without objection from Defendant's counsel. Ex. 6. Prior to the deposition, Plaintiff's counsel failed to provide any notice that Dr. Strauss would be providing expert testimony at the deposition. Then, at this deposition,

3

Plaintiff's counsel elicited expert opinions from Dr. Strauss as a non-retained expert witness without any report or other notice being provided. Ex. 7, at p. 46 (Deposition of Dr. Strauss).

The Laman case involves complex causation issues which require expert testimony. In 2016, prior to the Marjorie Stoneman Douglas High School ("MSD") incident, Laman had a serious motorcycle accident in which he broke the tibia bone immediately above the joint in his right ankle. Id at 44, 46. The bone was broken into several pieces and had to be surgically reconstructed using three surgical screws. At MSD, Laman was shot in this same ankle which caused extensive soft tissue injury including the reconstruction of the tibial tendon and a skin graft over the damaged area. Id at 46. Thereafter, in 2019, according to the treatment notes of Dr. Strauss, Laman suffered stress fractures in three bones in his midfoot during high intensity exercise. Id at 39-41. Laman claims to be having significant ankle and foot limitations.

At his deposition on October 25, 2021, Dr. Strauss attributed 100% of the limitations to the 2018 gunshot wound, without any portion of those limitations attributable to the motorcycle accident in 2016 or the fact that Laman was engaging in high intensity exercise without having been released for such activities by Dr. Strauss. Ex. 7, at p. 46. It should be noted that the Rule 26(a)(2)(C) disclosure for Dr. Strauss is the same non-substantive pro forma disclosure used with all the other experts so disclosed, in that notice is provided that Dr. Strauss will be providing opinion testimony as to Laman's prognosis. Ex 1, p. 3-4.

## SAMANTHA GRADY

Without the benefit of the substance of the expert opinions to be provided and their evidentiary basis, it is impossible to determine whether depositions need to be taken of the witnesses so disclosed. As part of the Expert Disclosures submitted on behalf of Samantha Grady (hereafter "Grady")(Ex. 2), Grady provided notice that her treating rheumatologist, Dr. Barry

Waters, and her dentist Dr. Harold Menchel, would be providing expert testimony. Drs. Waters and Menchel treated Grady for arthritis pain in her jaw. At her deposition Grady contended that the arthritis and jaw pain could be attributable to the tragedy at her high school, however she was waiting for medical confirmation. Ex. 8, at p. 96 (Deposition of Samantha Grady). The Disclosures made in the Grady case failed to provide the substance of the expert opinions (or their evidentiary basis) which will be offered at trial. Based upon the lack of notice, Plaintiff could very well be planning to elicit expert opinions as to whether the arthritis and jaw pain are caused by the tragedy at MSD. Plaintiff's position that the general discovery cutoff relieves her of any obligation to make expert witnesses available for deposition precludes the Defendant from making any inquiry of the expert opinions to be offered.

## SAMANTHA FUENTES

Similarly, regarding Samantha Fuentes (hereafter "Fuentes"), Rule 26(a)(2)(C) Disclosures were filed pertaining to five treating physicians - Linda Berlin, Harvey Chitiva, Marlana Staats, Sulayman Jallow, and Jeremy Frank. Ex. 3. These Disclosures all appear to follow the same pro forma non-substantive language in which the doctors are expected to testify **without limitation** as to damages and prognosis. Ex. 3 (emphasis added). Like the Disclosures of the other Plaintiffs herein, the Fuentes Disclosures supply no information whatsoever as to what the opinions actually are or on what evidence they are based. This attempted sleight of hand to skirt the requirements of Rule 26 expert witness disclosures so that expert opinions can be sprung on the Defendant at trial without notice should not be countenanced by the Court.

Again, the Defendant has notified Plaintiffs' counsel in the above-referenced cases of the failure to comply with Rule 26(a)(2)(C). Plaintiff has neither provided expert reports or summaries that comply with the requirements nor made the expert witnesses available for deposition. The

brief descriptions in the Expert Disclosures for the expert witnesses from whom the Plaintiffs are planning to elicit expert opinion testimony provide no substance of the opinions that will be offered or the evidentiary basis upon which these opinions rest. If these expert witnesses are going to be offering opinions of whether the 2016 motorcycle accident or the 2018 gunshot wound are causing Laman's current limitations, or whether MSD caused Grady's jaw pain and arthritis, no disclosure of the substance of these opinions has been provided. The Disclosures do not provide the facts or data considered by the expert witness in forming their mystery opinions - - the Rule 26(a)(2)(C) summaries are completely inadequate as they fail to include the *actual* opinions to which each witness is expected to testify as well as the evidentiary basis of those opinions.

## II.     MEMORANDUM OF LAW

Rule 26 requires that a party disclose all expert witnesses in a case. *See* Fed.R.Civ.P 26(a)(2)(A). "A party must make these disclosures at the times and in the sequence that the court orders." Fed.R.Civ.P.26(a)(2)(D). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Compliance with Rule 26's expert disclosure requirements "is not merely aspirational." *Western Union Holdings Inc. v. Eastern Union, Inc.,* 316 Fed. Appx. 850, 854 (11th Cir. 2008) (quoting *Cooper v. Southern Co.,* 390 F.3d 695, 728 (11th Cir. 2004)). "[T]he expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise . . . ." *Id*. "[I]n the absence of the necessary disclosures, [defendants] cannot adequately prepare their defense." *Rosado v. City of Hialeah*, No.09-23469-CIV, 2010 WL 3187661, at *2 (S.D. Fla. Aug. 11, 2010).

Courts have determined that when treating physicians intend to opine on expert matters, such as causation, prognosis, and permanency of injuries, a report must be provided in accordance with Rule 26(a)(2)(B). "In determining whether a Rule 26(a)(2)(B) report is required, the label of 'treating physician' is irrelevant; instead, the determination turns on the substance of the physician's testimony." *In re Denture Cream Prod. Liab. Litig.*, No. 09-2051-MD, 2012 WL 5199597, *4 (S.D. Fla. Oct. 22, 2012). For example, in *Muzaffarr v. Ross Dress for Less, Inc.*, 2013 WL 3850848 (S.D. Fla. Jul. 26, 2013), the Court recognized that **"when the testimony of a treating physician or provider . . . includes opinions on causation, prognosis, and/or future implications of the injury, then he or she must provide a full report satisfying the requirements of Federal Rule of Civil Procedure 26(a)(2)(B)."** *Id.* at *1 (*citing In re Denture Cream Prods. Liability Litig.*, 2012 WL 5199597, at *5 (S.D. Fla. Oct. 22, 2012)) (emphasis added); *see also Torres v. Walmart Stores East*, 2017 WL 8780915 (S.D. Fla. June 9, 2017) (Report and Recommendation) (finding that a Rule 26(a)(2)(B) report was required because topics such as causation of the plaintiff's injuries were "clearly beyond the scope of the treating physicians' *observations* during treatment") (emphasis in original). Similarly, in *Yurdatap v. United States*, Case No. 17-CV-80314-DLB (S.D. Fla.) (ECF No. 48), the plaintiff in an FTCA case disclosed that the treating physician was "expected to testify regarding [his] examination and/or treatment of Plaintiff, as well as causation, permanency, and prognosis and "the reasonableness and the necessity of Plaintiff's past and future medical care." *Id.* at 4. The Court concluded that "Because such testimony clearly exceeds the scope of Dr. Campbell's observations during his treatment of Plaintiff, the Court concludes that Plaintiff was required to timely produce a full written expert report under Rule 26(a)(2)(B)." *See* Exhibit 9.

The Eleventh Circuit has recognized that "[d]isclosure of expert testimony' within the meaning of the federal rule contemplates not only identification of the expert, but also the provision

7

of a written report containing 'a complete statement of all opinions' and the 'basis and reasons therefor.'" *See Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (quoting Fed.R.Civ.P. 26(a)(2)(B). Thus, Plaintiff's Expert Witness Disclosures at issue in this motion as to the treating doctors and mental health professionals are inadequate as no such reports have been provided. Ex. 1, 2 & 3.

Further, Plaintiffs' Disclosures do not comply with Fed.R.Civ.P. 26(a)(2)(C)(ii) which requires a "summary of the facts and opinions to which the witness is expected to testify." Plaintiffs' Disclosures do not comport with the Rule because they entirely fail to identify what opinions the doctors and therapists will offer or on what facts the doctors and therapists will base their opinions. *See Torres*, 2017 WL 8780915 at *2-3 ("bare-bone disclosures" that list "topics generally and in a wholly conclusory way, without identifying specific opinions or supporting facts," are prohibited); *see also Kondragunta v. Ace Doran Hauling & Rigging Co.*, 2013 WL 1189493, *6 (N.D. Ga. Mar. 21, 2013) (finding that the disclosure for the treating physicians did not comply with Rule 26(a)(2)(C)(ii) because "the reader of plaintiff's disclosure has no idea what opinion the doctor will offer or on what facts the doctor will base that opinion").

Treating healthcare providers from whom proper disclosures have not been provided may only testify as lay fact witnesses to matters within the scope of their own personal observation, such as treatment. *See Chapman v. Proctor & Gamble Distrib, LLC*, 766 F.3d 1296, 1316 n.23 (11th Cir. 2014) ("[a] treating physician providing lay testimony can testify narrowly, limited to personal knowledge resulting from providing medical care"); *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005)). The ability to answer hypothetical questions is "the essential difference between expert and lay witnesses." *Henderson*, 409 F.3d at 1300 (quotations and citations omitted); *see also Wilson v. Taser International, Inc.,* 303 Fed. App'x 708, 2008 WL 5215991, *4 (11th Cir. 2008). Plaintiffs' Disclosures give notice that the treating doctors and

8

therapists will be providing opinion testimony **without limitation,** which will presumably apply to causation theories and future medical costs, without any disclosure as to what these opinions actually are or the factual basis supporting them.  Ex. 3 (emphasis added).

Defendant recognizes that there is a recent opinion in this District that full Rule 26(a)(2)(B) reports are not required of treating physicians providing expert testimony.  See *Nosleyki Torres v. Wal-Mart Stores E., L.P.*, 2021 WL 3634632, at *17 (S.D. Fla. Aug. 17, 2021). However, the *Noslevki Torres* court determined that summaries under 26(a)(2)(C) had to be substantive and disclose the actual opinions to be offered, and ordered that such witnesses be made available for deposition.  *Id* at *18, 20.   Although the Defendant disagrees with the legal conclusions reached by the *Noslevki Torres* opinion, the Disclosures at issue in this case do not even conform to the barest standards announced therein.

Because Plaintiffs have not provided the disclosures required by Rule 26(a)(2)(B) & (C), the treating physicians and therapists may only testify as fact witnesses to the treatment they provided to Plaintiff.  *See, e.g., Humbard v. United States*, 2019 WL 1379914, at *2 (S.D. Fla. Mar. 18, 2019) (granting motion in limine and limiting plaintiff's treating doctors' testimony to their personal observations in treating the plaintiff because plaintiff did not provide expert disclosures).   More specifically, the treating physicians should not be permitted to testify to opinion matters, such as the cause of the alleged injuries, prognosis, permanency, damages, or the likelihood of future treatment.  *See Henderson*, 409 F.3d at 1300 (recognizing that a treating physician's testimony about the cause of injuries went beyond permissible lay testimony when the testimony about causation was a hypothesis and unnecessary to treat the injuries); *see also* Exhibit 9, *Yurdatap v. United States*, Case No. 17-CV-80314-Brannon (ECF No. 48) (precluding the plaintiff's treating physician from offering opinions as to causation, future care, or future medical costs where the plaintiff failed to timely disclose the opinions).  "Treating physicians offering

9

opinions beyond those arising from treatment are experts from whom full Rule 26(a)(2)(B) reports are required." *Munoz v. Dollar Tree Stores, Inc.*, 19-24512-CIV, 2021 WL 2012230, at *1 (S.D. Fla. May 20, 2021) (Martinez, J.); (explaining that the proposed opinions regarding causation are beyond the scope and course of treatment and thus a Rule 26(a)(2)(B) report is required for any expert seeking to offer them; and explaining that the proper remedy is to preclude this undisclosed expert testimony).

## CONCLUSION

In light of these Rule 26 violations, Defendant requests the Court to compel the production of reports that fully disclose the substance of the expert opinions to be offered at trial and their evidentiary basis, and to make all such witnesses available for deposition. Furthermore, under Rule 26(a)(2)(D), rebuttal reports of the disclosure of expert witnesses would normally be due 30 days after the disclosure of the opinions. As the opinions at issue in this motion have not been provided, the Defendant requests clarification from the Court that the Defendant has 30 days from the date that the Rule 26 (a)(2)(C) violations are rectified to provide rebuttal reports. In the alternative, the Defendant requests the Court to strike the non-retained expert witness Disclosures provided by Plaintiffs Laman, Grady, and Fuentes. Ex. 1, 2, & 3.

### Good Faith Certificate Pursuant to Local Rule 7.1(a)(3)

Defendant's counsel conferred via email with Plaintiffs' counsel Kimberly Wald concerning the issues raised in the Motion, but the parties were unable to reach agreement.

Respectfully submitted,

**JUAN ANTONIO GONZALEZ**
**UNITED STATES ATTORNEY**

By: *Carlos J. Raurell*
ASSISTANT U.S. ATTORNEY
Florida Bar No. 529893

> E-mail: Carlos.Raurell@usdoj.gov
> United States Attorney's Office
> 99 N.E. 4th Street, Suite 300
> Miami, Florida 33132
> Tel. No. (305) 961-9243
>
> *Counsel for United States of America*