**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CONSOLIDATED ACTION
Case No. 18-62758-CIV-DIMITROULEAS

IN RE: MARJORY STONEMAN DOUGLAS
HIGH SCHOOL SHOOTING FTCA LITIGATION
_____/

**MOTION FOR PARTIAL SET-ASIDE OF ATTORNEYS' FEES PENDING**
**RESOLUTION OF FEE MOTION**

Podhurst Orseck, P.A. ("Podhurst") respectfully moves for an Order requiring Plaintiffs' counsel to set aside and hold in trust the disputed amount of attorneys' fees from the global settlement, pending resolution of the fee dispute between Plaintiffs' counsel.

**INTRODUCTION AND SUMMARY**

The Government and the Plaintiffs entered into a binding global settlement agreement late last year. *See* D.E. 408 (Joint Notice of Settlement). In the intervening weeks, the parties worked to finalize logistical and financial details of the global settlement. As of the time of this filing, the Plaintiffs have each agreed to an allocation of the global settlement and to the language of a release and stipulation of dismissal. Undersigned counsel expects that the Plaintiffs' substantive case against the Government will be resolved in the coming weeks.

Accordingly, it is possible that when the Government begins to issue payments pursuant to the global settlement, the fee dispute among Plaintiffs' counsel will remain outstanding and unresolved.[1] As previously noted, *see generally* D.E. 432, this dispute concerns *only* attorneys' fees, and should not impair any Plaintiff's net recovery.[2] The requested fees are to be deducted only from the fees of Plaintiffs' counsel. In other words, the Parkland families can and should receive their net recoveries as soon as practicable *regardless* of this Court's resolution of the fee dispute. And the litigation of the fee dispute should not unduly impair or complicate the disbursement of non-disputed settlement funds.

Against this backdrop, and to ensure timely and orderly resolution of the fee dispute without unnecessary complications, Podhurst respectfully requests that this Court order that the disputed amount of attorneys' fees be set aside from the remainder of the global settlement funds. The order would require each Plaintiff's attorney to temporarily hold in trust only the disputed amount of attorneys' fees: ten percent of any settlement payment. Such an order is clearly authorized by well-established law. Indeed, set-aside orders of various types are a typical practice in common-benefit cases. *See*, *e.g.*, *In re Roundup Prods. Liab. Litig.*, 2021 WL 3161590, at *7 (N.D. Cal. June 22, 2021) (explaining that where a lawyer or group of lawyers secures a "global settlement," "the district court has the power to require that a portion of any payment from that

---

[1]   *See* D.E. 418 (Motion for Award of Common Benefit Fees) (hereinafter the "Fee Motion"). *See also* D.E. 439 (Order setting tentative hearing regarding fee dispute).
[2]   Indeed, Podhurst's consistent position has been that the fee dispute should not affect *any* aspect of this matter unrelated to fees, such as allocation of the global settlement, the role of Lead Counsel, or the finalization of logistical details of the global settlement.

2

fund be earmarked for the compensation of the lawyers who did the work that led to its creation"). *See also In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1018 (5th Cir. 1977) (affirming district court's order requiring defendant to set aside portion of settlement for compensation of lead counsel).

Moreover, this well-settled practice avoids complications that can otherwise arise if common-benefit fees are awarded *after* settlement proceeds—including the disputed share of attorneys' fees—have already been disbursed to attorneys. *See In re Zyprexa Prods. Liab. Litig.*, 467 F. Supp. 2d 256, 267 (E.D.N.Y. 2006) (explaining that set-asides help avoid common-benefit counsel having to pursue separate compensation claims against other attorneys). *Accord Roundup*, 2021 WL 3161590, at n. 6 ("It is, of course, much easier to sort this [the disputed amount of common-benefit fees] out before the money starts changing hands.").

Of course, in this case as in other similar cases, the order that Podhurst proposes would be entirely without prejudice to the fee dispute itself. If this Court grants the Fee Motion in whole or in part, the common benefit fees can readily be paid from the set-aside amount or from each attorney's trust account. And if this Court denies the Fee Motion, the other attorneys may be paid the disputed portion of fees directly from their own trust accounts. *See Turner v. Murphy Oil*, 422 F. Supp. 2d 676, 681 (E.D. La. 2006) ("It is important to note that these are set-asides, not disbursements: no amounts are paid to attorneys from the set-aside fund until the attorneys demonstrate that they have worked for the common benefit."); *In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 644, 668 (E.D. Pa. 2003) (establishing an escrow account funded by a percentage of all settlement payments to provide compensation for common benefit work to which attorneys may be entitled, but expressly noting that it was "not making a determination by this Order" on entitlement or amount of common benefit fees, which would be determined after a hearing). *Accord Roundup*, 2021 WL 3161590, at *15.

Accordingly, the order that Podhurst requests should not be controversial. Indeed, the order is consistent with what the Florida bar rules require of attorneys in disputed-fund scenarios.[3] Moreover, here, a set-aside of the disputed amount of attorneys' fees is particularly important for an additional reason. Plaintiffs' counsel collectively agree, and appropriately so, that the foremost

---

[3] *See* Rule 5-1.1(f) of the Rules Regulating the Florida Bar (explaining that when "a lawyer is in possession of property in which 2 or more persons (1 of whom may be the lawyer) claim interests, the property must be treated as trust property" and that "[t]he lawyer must promptly distribute all portions of the property as to which the interests are not in dispute").

3

priority is timely resolving the substantive case against the Government and ensuring that the Parkland families promptly receive their shares of the settlement. To that end, it is important to set aside the disputed amount of attorneys' fees from the remainder of the gross recovery to ensure that each of the Parkland families receives their net recovery as expeditiously as possible and without undue complication. Simply put, a set-aside will help ensure that a fee dispute between attorneys remains between the attorneys and is resolved efficiently.

## ARGUMENT

The requested order is warranted in this case to ensure timely, seamless, and unperturbed disbursement of the global settlement proceeds pending resolution of the fee dispute. It is co-extensive with the requirements of the Florida bar rules and consistent with standard practice in common-benefit cases.

### I.     A set-aside is appropriate in this case.

As a threshold matter, it bears emphasis that the set-aside requested in this Motion is consistent with the requirements of the Rules Regulating the Florida Bar. Namely, Rule 5-1.1(f) provides that "[w]hen in the course of representation a lawyer is in possession of property in which both the lawyer and another person claim interests, the property shall be treated by the lawyer as trust property[.]" And although the Rules themselves govern only the conduct of attorneys and therefore do not provide a legal basis for ordering a set-aside here, as noted in the following section it is well-settled that this Court has such authority—including inherent authority—in this case.

Here, a set-aside is warranted for several reasons, in addition to the requirements of the Florida Bar rules. First, there remains an outstanding fee dispute that may not be resolved before settlement funds are disbursed to Plaintiffs and their attorneys. In other words, absent a set-aside order, there is a significant risk of collection-related and other complications following this Court's resolution of the fee dispute. And in this case, despite multiple efforts at conferral, Podhurst's fee opponents have been unwilling to voluntarily agree to segregate the contested funds in order to avoid the collection-related complications that set-aside orders are designed to curb. In short, a set-aside is warranted here for much the same reason that holdbacks and set-asides have been employed in *Roundup* and countless prior consolidated matters involving a claim for common-benefit fees.

Second, a set-aside is *particularly* warranted here given the primary importance of ensuring that the Plaintiffs receive their net recoveries from the global settlement as expeditiously as

possible and without undue delay and complication. Here, setting aside the disputed amount of attorneys' fees will separate the disputed funds from undisputed funds, including client funds, and thereby minimize the risk of any undue complication in disbursement of the remainder of the global settlement.

Third, and relatedly, a set-aside would be relatively simple to execute in this case *precisely because* the fee dispute here affects only attorneys. Financial and logistical details of the global settlement have effectively been finalized and a resolution of the Plaintiffs' claims against the Government is imminent. Accordingly, this litigation will soon largely be limited to an attorneys' fee dispute concerning ten percent of the global settlement. This fee dispute can be resolved, and set-aside funds disbursed pursuant to that resolution, with little impact on any other aspect of the case.

**II.  Well-settled law authorizes—and favors—set-asides in common-benefit cases and other consolidated cases involving fee disputes.**

Courts have broad authority to require so-called holdbacks or set-asides in consolidated litigation. *See Roundup Prods.*, 2021 WL 3161590, at *9 ("[W]hen a district court is handling an MDL *or some other group of related cases*, it has the authority to compensate common benefit work by redistributing attorneys' fees in those cases, to the extent necessary to ensure effective management and adjudication of the litigation.") (emphasis added). The authority to hold back or set aside the disputed amount of common benefit funds or fees derives in part from the court's "inherent docket management authority." *Id.* at *10. *See also In re Gen. Motors LLC Ignition Switch Litig.*, 477 F. Supp. 3d 170, 190 (S.D.N.Y. 2020) ("'[A] court's authority to ... order contributions to compensate leadership counsel derives from its "managerial" power over the consolidated litigation, and, to some extent, from its inherent equitable power.'") (quoting *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2018 WL 2095729, at *6 (E.D. La. May 7, 2018)) (alterations in original). This authority is also a necessary corollary of courts' authority to grant common benefit fees in the first instance, a topic which has been the subject of earlier briefing. *See*, *e.g.*, D.E. 418, D.E. 442.

Courts often exercise this authority to hold back or set aside a portion of common benefit funds or fees to avoid unnecessary complications, collection-related disputes, delays, and even additional litigation. In the words of one court, "[i]t is, of course, much easier" to sort out attorneys' entitlement to common benefit fees "before money starts changing hands." *Roundup*, 2021 WL 3161590, at n. 6. And because any set-aside or holdback is without prejudice to the fee dispute

5

itself, there is no significant downside to issuing a set-aside or holdback order. *See id.* at *15. Indeed, courts have recognized that immediate disbursement of attorneys' fees during a fee dispute can create significant legal and administrative problems for attorneys and for the courts themselves. *See In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 231 (5th Cir. 2008) (reversing district court order requiring "immediate[ ]" disbursement of fees and noting that "immediate payments erect a serious obstacle to re-allocating fees" and that immediate disbursement risked putting the court "in the difficult position of [later] collecting pro rata sums from dozens of attorneys" if the fee award was altered).

### III. Setting aside the disputed funds in Plaintiffs' counsel's trust accounts is pragmatic and should be uncontroversial.

In short, courts have broad authority in discretion in fashioning set-aside orders, which might impose the burden on a defendant to hold back a percentage of the settlement or require plaintiffs' counsel to deposit a portion of their fees into a designated account. *See Linerboard*, 292 F.Supp.2d at 653-56, 665 (describing court's broad authority to establish set-aside procedure and concluding it was preferable to impose duty to sequester funds on defendant rather than requiring tag-along plaintiffs to deposit percentage of settlement into escrow account).

Here, Podhurst's specific proposal for the form and structure of the set-aside—requiring Plaintiff's counsel to hold the disputed funds in trust pending resolution of the fee dispute—is informed by various considerations. First, although courts in many common benefit cases order the *defendant* to hold back or set aside the disputed amount of attorneys' fees,[4] here, because of the manageable number of attorneys involved, all of which are officers of this Court, the Government need not be involved and Plaintiffs' counsel can simply hold the funds in their individual trust accounts.

---

[4] Courts often require defendants to deposit held-back or set-aside funds into court-supervised escrow or similar accounts. *See*, *e.g.*, *In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico on April 20, 2010*, 2012 WL 161194, at *1 (E.D. La. Jan. 18, 2012) (ordering defendants to withhold a fraction of settlements and judgments into a court-supervised escrow account for payment of common benefit fees); *In re Zyprexa Prods. Liab. Litig.*, 467 F. Supp. 2d 256, 266 (E.D.N.Y. 2006) ("Should any amount be recovered by federal plaintiffs from defendant by settlement or judgment, a percentage of those plaintiffs' attorneys' fees will be held back in an escrow account . . ."); *Roundup*, 2021 WL 3161590, at *18 ("Monsanto must hold back 8% of the gross amount of any recovery . . . and place that money into the common benefit fund. The attorneys for the MDL plaintiffs are ordered that this 8% must come from the attorney fee portion of the recovery, not their clients' portion.").

6

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

Second, although this Court has ample authority to order Plaintiffs' counsel to place the disputed funds into a *separate* account, such as a dedicated escrow account, in the interest of pragmatism and consistent with the approach contemplated by the Florida Bar Rules, Podhurst respectfully submits that it would be simpler—and should be uncontroversial—for Plaintiffs' counsel to simply hold the disputed amount of funds in trust pending resolution of the fee dispute.

Third, as to the amount of the set-aside, because Podhurst and Rennert Vogel Mandler & Rodriguez, P.A. are the only firms asserting a claim to common benefit fees, and because their aggregate claims are for ten percent of the global settlement, this set-aside amount is sufficient under the circumstances. Moreover, this amount would ensure that the Parkland families are able to timely receive the *entirety* of their net recoveries, *and* that other Plaintiffs' attorneys will timely receive the *substantial majority* of their fees that is not in dispute.

It also bears noting that courts routinely order holdbacks and set-asides in this percentage range, and specifically order set-asides corresponding to the amount of fees that are disputed or which otherwise may be awarded. *See*, *e.g.*, *Turner*, 422 F. Supp. 2d at 681 (12% set-aside); *In re Xarelto Prods. Liab. Litig.*, 2020 WL 1433923, at *10 (E.D. La. Mar. 24, 2020) (12% holdback totaling $93 million); *In re Nuvaring Prods. Liab. Litig.*, (Dec. 9, 2011) (15.5% set-aside); *Roundup*, 2021 WL 3161590, at *18 (8% holdback); *In re Lidoderm Antitrust Litig.*, 2017 WL 3478810, at *3-4 (N.D. Cal. Aug. 14, 2017) (10% set-aside); *In re Genetically Modified Rice Litig.*, 2010 WL 716190, at *8-9 (E.D. Mo. Feb. 24, 2010) (various holdbacks of between 9% and 11%), *aff'd*, 764 F.3d 864 (8th Cir. 2014). This makes sense: to order a set-aside of anything more or less than the disputed or requested fee amount would undermine many of the practical benefits of set-asides, including minimizing follow-up litigation after the court issues a fee order.

## CONCLUSION

For the foregoing reasons, a set-aside order would help ensure an orderly and timely resolution of this matter—and more specifically an orderly and timely resolution of the Plaintiffs' claims against the Government—pending this Court's resolution of the fee dispute among certain Plaintiffs' counsel. Such an order would also help ensure that the Parkland families timely receive their net recoveries from the global settlement without unnecessary complications related to the fee dispute. Accordingly, Podhurst respectfully requests that this Court enter an Order requiring Plaintiffs' counsel to hold in trust the disputed amount of attorneys' fees pending resolution of the fee dispute.

7

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com

Respectfully submitted,

**PODHURST ORSECK P.A.**
Counsel for Plaintiffs *Frederic and Jennifer Guttenberg, as Co-Personal Representatives of the Estate of Jaime Guttenberg; Kevin and Sara Colton as natural parents of J.A. Colton, minor son*
One S.E. 3rd Avenue, Suite 2300
Miami, FL 33131
Telephone: (305) 358-2800

By: /s/ Kristina M. Infante_____
Kristina M. Infante
FL Bar No: 112557
Steven C. Marks
FL Bar No. 516414
Pablo Rojas
FL Bar No. 1022427

**Plaintiffs' Lead Counsel**

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all counsel of record by the Court CM/ECF system on this 31st day of January, 2022.

By /s/ Kristina M. Infante

**CERTIFICATE OF COMPLIANCE**

**I HEREBY CERTIFY** that, in accordance with *S.D. Fla. L.R.* 7.1(a)(3), undersigned counsel conferred with counsel for the Government and counsel designated to represent Podhurst's fee opponents regarding the set-aside sought in this Motion. The Government indicated that it took no position on a set-aside order that would take affect after it issues payment to Plaintiffs' counsel's trust accounts, and counsel for Podhurst's fee opponents indicated that they opposed the relief sought in this Motion.

By /s/ Kristina M. Infante