UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CONSOLIDATED ACTION
Case No. 18-62758-CIV-DIMITROULEAS/HUNT

IN RE: MARJORY STONEMAN DOUGLAS
HIGH SCHOOL SHOOTING FTCA LITIGATION
_______________________________________/

**ORDER**

THIS MATTER is before this Court on a Motion for Partial Set-Aside of Attorneys' Fees Pending Resolution of Fee Motion, ECF No. 455, and a Motion to Compel, ECF No. 459. The Honorable William P. Dimitrouleas referred these Motions to the undersigned for disposition. ECF Nos. 419, 456; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motions, the Responses, and Replies as well as the Parties' supplemental filings, the arguments of Counsel at an April 22, 2022, hearing and May 31, 2022, status conference, the record, and applicable law, the undersigned hereby ORDERS that the Motions be GRANTED IN PART as set forth below.

As background, the issues currently before the Court stem from a Motion for an Award of Common Benefit Fees. ECF No. 418 (the "Fees Motion"). To put it simply, Respondents to the Motion to Compel are seeking common-benefit fees on the basis of their work toward the settlement of the underlying case, and Movants oppose. Presently, the Parties ask this Court to determine whether a certain amount of fees should continue to be held back until the resolution of the Fees Motion, as well as whether limited discovery should be allowed on the Fees Motion.

First, the undersigned addresses the hold-back issue. As explained at the hearing, the factors pertaining to this Court's prior Order, ECF No. 456, issuing a temporary hold-

back do not seem greatly different at this stage in the litigation. Accordingly, the terms of the Court's previous Order are extended until the Court resolves the Fees Motion.

Turning to the pending discovery issues, although the Motion to Compel lists several areas of disagreement, the Parties have in the spirit of professionalism worked to resolve all but two of their discovery issues. The first outstanding issue concerns internal communications regarding the issue of common-benefit fees both generally and specifically regarding decisions surrounding the filing of the Fees Motion. The second issue concerns whether depositions should be allowed in regard to the Fees Motion. Each will be addressed below.

As to the internal communications regarding common-benefit fees, Respondents strenuously argue that such discovery would be unprecedented, while Movants likewise strenuously argue that such discovery is necessary regarding their allegations that Respondents acted with "unclean hands" as to their actions leading up to Respondents' Fees Motion. The undersigned notes that "[s]ome courts have found fee forfeiture appropriate where attorneys act in bad faith." *Amorin v. Taishan Gypsum Co.*, No. 11-22408-CIV-COOKE/GOODMAN, 2020 WL 11232641, at *4 (S.D. Fla. May 22, 2020), *aff'd*, 861 F. App'x 730 (11th Cir. 2021), *cert. denied sub nom. Parker Waichman, LLP v. Levin*, 142 S. Ct. 769, 211 L. Ed. 2d 480 (2022) (citing *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1238–39 (S.D. Fla. 2006)). "Fee forfeiture is an equitable remedy that 'requires careful consideration of all the relevant circumstances.'" *Id.* (quoting *In re Austrian & German Bank Holocaust Litig.*, 317 F.3d 91, 102 (2d Cir. 2003)). Of course, such an inquiry goes both ways. If, for instance, a firm inappropriately

attempted to gain public recognition of a case outcome to protect a disproportionate fee, that too can be considered. *Allapattah Servs., Inc.,* 454 F. Supp. 2d at 1234.

Given the allegations surrounding the circumstances of Respondents' actions leading up to the Fees Motion, the undersigned finds that some inquiry into the issue is justified. The question then turns to the scope of that inquiry. At issue before this Court now, it seems, are two ends of that scope. At one end is Movants' request for all of Respondents' internal communications on the issue. At the other is Movants' request for limited depositions on the issue.

The undersigned first addresses what appears to be the more extreme request, that seeking Respondents' internal communications. Movants claim their request is justified because "evidence regarding the circumstances of [Respondents'] decision to seek common benefit fees bears on the credibility of this claim in its fee-related briefs." ECF No. 500 at 3. Respondents, on the other hand, contend that Movants seek these documents based only "on various conjectural accusations of wrongdoing," and that they are attempting to shore up their unsubstantiated claims by seeking discovery. ECF No. 481 at 7. Complicating the matter is the fact that the communications requested –- namely, Respondents' internal communications and memoranda regarding the seeking of fees -– clearly constitute work-product, entitling them to privilege unless "the party [requesting the documents] shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 36(B)(3)(A)(ii).

The undersigned agrees with Respondents that Movants are, for now, seeking to put the cart before the horse. To date, Movants have only demonstrated to this Court a

disagreement over the understanding of the Parties' alleged shared-fee arrangement. Anything more than that is, at this point, largely conjecture. Although Movants may indeed want to read Respondents' thoughts on the current fee dispute, the undersigned finds that Movants have not yet adequately demonstrated to this Court that Respondents have acted in such a manner as to justify overcoming the privilege afforded to such documents.

That does not, however, mean that this Court will not allow any discovery on the issue. To that end, the undersigned addresses Movants' request for depositions. Movants argue that depositions are necessary in large part to cover the same ground as their request seeking internal communications – namely to inquire into the facts and circumstances leading to the Respondents' fee request. Although the undersigned finds that Movants' allegations against Respondents are generally speculative, the allegations are not entirely without support. As Movants outline in their Reply, there are circumstances that justify some further inquiry into Respondents' actions. ECF No. 500 at 6–9. That those circumstances may not justify forcing the disclosure of privileged documents does not mean Movants are completely foreclosed from seeking further information.

This Court finds that to address this need, Movants should indeed be allowed a limited opportunity for deposition testimony. However, ever cautious of Respondents' concern that the fees litigation could turn into an unjustified "second litigation," Movants shall be limited only to the deposition of Respondents' lead attorney on the underlying case, Kristina M. Infante, whom Movants have previously identified as the primary counsel at issue in this case. ECF No. 421. Although Movants seek more depositions, the undersigned finds that only Ms. Infante's deposition is justified absent more than what

is before the Court at this point. Allowing the deposition adequately balances Movants' legitimate need to inquire into the circumstances surrounding the filing of the fees motion with Respondents' reasonable concerns over the fees argument becoming a major litigation unto itself. Such a deposition could benefit both Parties, as Ms. Infante is in the best position to speak not only to the issues surrounding the choice to request common-benefit fees, but also the legal factors justifying Respondents' request for those fees.

Finally, this Court addresses the need for an evidentiary hearing, as was discussed at the status conference. The undersigned finds that an evidentiary hearing on Respondents' Fee Motion would be beneficial to the resolution of that Motion. The Parties shall again meet and confer (telephonically or in person) in a good faith effort to resolve the issues in the Motion, and, failing that, determine a timeline as to when the Parties can be ready to proceed with the hearing. On or before July 1, 2022, the Parties shall file a Joint Status Report ("JSR") advising the Court of the result of their meet and confer and indicating whether the issues in the Motions remain unresolved. To the extent the Parties still need to proceed with an evidentiary hearing after the meet and confer, the JSR must include a list of the anticipated witnesses and exhibits and agreed-upon dates when all Parties are available for the hearing.

Accordingly, it is hereby ORDERED and ADJUDGED that:

The Motion for Partial Set-Aside of Attorneys' Fees Pending Resolution of Fee Motion, ECF No. 455, and Motion to Compel, ECF No. 459, are GRANTED IN PART and DENIED IN PART. The Motion for Partial Set-Aside is granted to the extent that the provisions outlined in this Court's previous Order, ECF No. 526, will remain in effect until the Fees Motion is resolved. The Motion to Compel, ECF No. 455, is granted to the

extent that Movants will be allowed to depose Kristina M. Infante on both the choice to seek common benefit fees and the factors justifying an award of those fees. The Motions are otherwise DENIED.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on June 10, 2022.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record